EXHIBIT "A"

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
для
Eastern District of New York

| | |
|---|---|
| Ina Kaplan<br><br>*Plaintiff(s)*<br>v.<br>Hyatt Hotels Corporation and Hyatt Ziva Rose Hall<br><br>*Defendant(s)* | Civil Action No. 23-cv-2598 CBA-RER |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Hyatt Hotels Corporation, 150 N. Riverside Plaza, Chicago, IL 60606
Hyatt Ziva Rose Hall, Rose Hall Road, A1, Montego Bay, Jamaica

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Dell & Dean, PLLC
1225 Franklin Avenue, Suite 450
Garden City, New York 11530

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.



BRENNA B. MAHONEY
*CLERK OF COURT*

Date: 04/07/2023

s/ *Kimberly Davis*

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 23-cv-2598 CBA-RER

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____        _____
                                         *Server's signature*

                             _____
                                         *Printed name and title*

                             _____
                                         *Server's address*

Additional information regarding attempted service, etc:




  

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
INA KAPLAN,                                                                  Case #:

                        *Plaintiff,*

                      - *against* -                                    **VERIFIED COMPLAINT**

HYATT HOTELS CORPORATION and
HYATT ZIVA ROSE HALL,                                            **PLAINTIFF DEMANDS**
                                                            **A TRIAL BY JURY**
                        *Defendants.*
-----------------------------------------------------------------X

        Plaintiff, **INA KAPLAN**, complaining of the Defendants, **HYATT HOTELS CORPORATION** and **HYATT ZIVA ROSE HALL**, by her attorneys, **DELL & DEAN, PLLC**, alleges upon information and belief as follows:

### JURISDICTION AND VENUE

    1.    At all times hereinafter mentioned, Plaintiffs, **INA KAPLAN**, was and still is a resident of the State of New York, residing at 29 Coventry Road, Syosset, County of Nassau, State of New York.

    2.    Upon information and belief, Defendant, **HYATT HOTELS CORPORATION**, was and still is a domestic corporation, foreign corporation or other legal entity duly organized and existing under and by virtue of the laws of the State of Illinois.

    3.    Upon information and belief, at all times herein mentioned, Defendant, **HYATT HOTELS CORPORATION** is maintaining a principal place of business at 150 N Riverside Plaza, Chicago, State of Illinois.

    4.    Upon information and belief, Defendant, **HYATT ZIVA ROSE HALL**, was and still is a domestic corporation, foreign corporation or other legal entity duly organized and existing under and by virtue of the laws of the country of Jamaica.

    5.    Upon information and belief, at all times herein mentioned, Defendant, **HYATT**

**ZIVA ROSE HALL,** is maintaining a principal place of business at Rose Hall Road, A1, Montego Bay, Jamaica.

6. That the amount in controversy exceeds in the sum of $150,000.00 exclusive of costs and interest.

7. Jurisdiction is properly had over this matter pursuant to 28 U.S.C. 1332 since the parties are citizens of diverse states and countries, and the amount in controversy exceeds the sum of **SEVENTY FIVE THOUSAND ($75,000.00) DOLLARS.**

8. Venue is properly placed in the United States District Court for the Eastern District of New York since the Plaintiff resides within that district and that district is the most convenient for this action to be tried.

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF INA KAPLAN

9. At all times hereinafter mentioned, the premises known as Rose Hall Road, A1, Montego Bay, Jamaica, specifically, Building 3, second floor, included the common areas thereat.

8. This action falls within one or more of the exceptions set forth in CPLR § 1602.

10. Defendant, **HYATT HOTELS CORPORATION** is the owner of the premises whose main office is located at 150 N Riverside Plaza, Chicago, State of Illinois.

17. Defendant, **HYATT ZIVA ROSE HALL** is the owner of the premises whose main office is located at Rose Hall Road, A1, Montego Bay, Jamaica.

11. Defendant, **HYATT HOTELS CORPORATION** is the owner of the premises known as Rose Hall Road, A1, Montego Bay, Jamaica.

18. Defendant, **HYATT ZIVA ROSE HALL** is the owner of the premises known as Rose Hall Road, A1, Montego Bay, Jamaica.

12. At all times hereinafter mentioned, the Defendant, **HYATT HOTELS CORPORATION**, its agents, servants and/or employees, operated the subject premises, specifically Building 3, second floor.

19. At all times hereinafter mentioned, the Defendant, **HYATT ZIVA ROSE HALL**, its agents, servants and/or employees, operated the subject premises, specifically Building 3, second floor.

13. At all times hereinafter mentioned, the Defendant, **HYATT HOTELS CORPORATION**, its agents, servants and/or employees, maintained the subject premises, specifically Building 3, second floor.

20. At all times hereinafter mentioned, the Defendant, **HYATT ZIVA ROSE HALL**, its agents, servants and/or employees, maintained the subject premises, specifically Building 3, second floor.

14. At all times hereinafter mentioned, the Defendant, **HYATT HOTELS CORPORATION**, its agents, servants and/or employees, managed the subject premises, specifically Building 3, second floor.

21. At all times hereinafter mentioned, the Defendant, **HYATT ZIVA ROSE HALL**, its agents, servants and/or employees, managed the subject premises, specifically Building 3, second floor.

15. At all times hereinafter mentioned, the Defendants, **HYATT HOTELS CORPORATION**, its agents., servants and/or employees, controlled the subject premises, specifically Building 3, second floor.

22. At all times hereinafter mentioned, the Defendant, **HYATT ZIVA ROSE HALL**, its agents., servants and/or employees, controlled the subject premises, specifically Building 3,

second floor.

16. That at all times hereinafter mentioned, it was the duty of the Defendant, **HYATT HOTELS CORPORATION**, its agents, servants and/or employees to maintain, inspect, and repair the aforesaid subject premises, specifically Building 3, second floor.

23. That at all times hereinafter mentioned, it was the duty of the Defendant, **HYATT ZIVA ROSE HALL**, its agents, servants and/or employees to maintain, inspect, and repair the aforesaid subject premises, specifically Building 3, second floor.

24. On April 19, 2022, at approximately 3:50 p.m., Plaintiff was caused and allowed to slip and fall and sustain serious personal injuries at the aforesaid subject premises due to a dangerous and hazardous condition existing thereat.

25. Plaintiff's injuries were due directly to the negligence, carelessness, recklessness, reckless disregard and gross negligence of the Defendants, **HYATT HOTELS CORPORATION and HYATT ZIVA ROSE HALL** and their respective agents, servants and/or employees in their ownership, operation, management, maintenance, and control of the subject premises, specifically Building 3, second floor.

26. That, upon information and belief, Defendants **HYATT HOTELS CORPORATION and HYATT ZIVA ROSE HALL** had actual notice of this defective condition in that this Defendants created the condition and were present on a daily basis prior to the underlying accident.

27. The aforesaid serious injuries sustained by the Plaintiff **INA KAPLAN** were caused solely by the negligence of the Defendants in their ownership, operation, maintenance, management and control of the subject premises.

28. By reason of the foregoing, Plaintiff, **INA KAPLAN** has been damaged in an amount which exceeds the jurisdictional limits of all lower courts, which might otherwise have

jurisdiction over this matter.

**WHEREFORE,** Plaintiff **INA KAPLAN,** demands judgment against the Defendants **HYATT HOTELS CORPORATION and HYATT ZIVA ROSE HALL** herein on all causes of action, in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated: Garden City, New York
       April 5, 2023

                                              Yours, etc.

                                              JOSEPH G. DELL (JD 7315)
                                              DELL & DEAN, PLLC
                                              *Attorneys for Plaintiff*
                                              *INA KAPLAN*
                                              1225 Franklin Avenue, Suite 450
                                              Garden City, New York 11530
                                              (516) 880-9700

## VERIFICATION

STATE OF New York )
                  ) ss.:
COUNTY OF Nassau  )

I, Ina Kaplan being duly sworn, deposes and says:

I am the plaintiff in the within action;

I have read the following Complaint and believe the same to be true to my knowledge; the same is true to my knowledge except as to those matters therein stated to be alleged on information and belief and as to those matters I believe them to be true.

X /s/ Ina Kaplan

Sworn to before me this
5th day of April, 2023

/s/ Donna M. Parent
Notary Public

DONNA M PARENT
NOTARY PUBLIC-STATE OF NEW YORK
No. 01PA6008225
Qualified in Suffolk County
My Commission Expires 02-16-2027

# CIVIL COVER SHEET

JS 44 (Rev. 4-29-21)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Ina Kaplan

**(b)** County of Residence of First Listed Plaintiff  Nassau
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Dell & Dean, PLLC, 1225 Franklin Ave, Suite 450, Garden City, NY 11530, (516) 880-9700

## DEFENDANTS
Hyatt Hotels Corporation and Hyatt Ziva Rose Hall

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

Does this action include a motion for temporary restraining order or order to show cause? Yes [ ] No [ ]

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | PROPERTY RIGHTS | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | PERSONAL PROPERTY | LABOR | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [x] 360 Other Personal Injury | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | SOCIAL SECURITY | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| | | | | [ ] 862 Black Lung (923) | |
| | | | | [ ] 863 DIWC/DIWW (405(g)) | |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | [ ] 790 Other Labor Litigation | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | Habeas Corpus: | [ ] 791 Employee Retirement Income Security Act | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | FEDERAL TAX SUITS | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | Other: | IMMIGRATION | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | | [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332
Brief description of cause:
slip and fall

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 1,000,000
CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: April 5, 2023
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration ☐

I, Joseph G. Dell, counsel for Plaintiff, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

- ☑ monetary damages sought are in excess of $150,000, exclusive of interest and costs,
- ☐ the complaint seeks injunctive relief,
- ☐ the matter is otherwise ineligible for the following reason

### DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

### RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

## NY-E DIVISION OF BUSINESS RULE 1(c)

1.) Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County?   ☐ Yes   ☑ No

2.) If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County?   ☐ Yes   ☑ No

b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District?   ☐ Yes   ☑ No

c) If this is a Fair Debt Collection Practice Act case, specify the County in which the offending communication was received:

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County?   ☐ Yes   ☑ No

*(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).*

### BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

☑ Yes     ☐ No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?

☐ Yes     (If yes, please explain)     ☐ No

I certify the accuracy of all information provided above.

Signature: _____

Last Modified: 11/27/2017