

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
INA KAPLAN,

                Plaintiff,

    -against-

HYATT HOTELS CORPORATION and
HYATT ZIVA ROSE HALL,

                Defendants.
-----------------------------------------------------------X

**DECLARATION IN SUPPORT**

Case No. 1:23-cv-02598-MKB-ST

**CHRISTINA URBANSKI**, hereby deposes and says as follows under penalty of perjury pursuant to 28 U.S.C. 1746:

1) I am over eighteen years of age, of sound mind, and Assistant Secretary for Defendant Hyatt Hotels Corporation ("Hyatt").

2) In my capacity as Hyatt's Assistant Secretary, I aver to the facts and circumstances herein as based upon my personal knowledge, experience, and review of documentation prepared and maintained in the ordinary course of business.

3) I submit this Declaration in support of "Hyatt Ziva Rose Hall" and Hyatt's instant Motion seeking dismissal of the action pursuant to Fed. R. Civ. Pro. R. 12(b)(2) for lack of personal jurisdiction, as barred by a binding forum selection, and pursuant to the common law doctrine of forum *non conveniens*.

4) I have reviewed Plaintiff Ina Kaplan's April 05, 2023, Verified Complaint, as found at docket no. 1, case no. 1:23-cv-02598-MKB-ST (hereinafter cited as "Ver. Comp."), for accuracy. I note that the Verified Complaint is verified by Plaintiff personally and made under penalty of perjury. Ver. Comp., p. 6 of 6.

5) Paragraph 2 of the Verified Complaint incorrectly avers that Hyatt's place of incorporation is Illinois. Hyatt is in fact incorporated in Delaware.

6) Paragraph 3 of the Verified Complaint correctly avers that Hyatt's principal place of business is Illinois.

7) Plaintiff specifically avers to have slipped and fallen on April 19, 2022, at approximately 3:50 PM, "due to a dangerous and hazardous condition" existing at "Building 3, second floor" of the Hyatt Ziva & Hyatt Zilara Rose Hall Resort (named herein as "Hyatt Ziva Rose Hall" and hereinafter the "Rose Hall Resort"), located in Montego Bay, Jamacia. Ver. Comp. at ¶¶21, 24.

8) The Verified Complaint names the Rose Hall Resort, or "Hyatt Ziva Rose Hall," as a standalone party. Ver. Comp., ¶¶4-5.

9) Hyatt bears no affiliation to "Hyatt Ziva Rose Hall."

10) "Hyatt Ziva Rose Hall" is not a legal entity but, rather, merely the trade name for the hotel owner, Playa Hall Jamaican Resort Limited ("Playa Hall").

11) Hyatt does not own, operate, manage, maintain, or franchise the Rose Hall Resort and has no involvement or responsibility for anything that occurs at the Rose Hall Resort.

12) Hyatt does not employ any employees at the Rose Hall Resort.

13) Hyatt has no evidence concerning Plaintiff or the alleged April 19, 2022, incident.

14) The Verified Complaint incorrectly avers that Hyatt owned, operated, managed, and maintained the Ziva Rose Hall premises as of the date of accident. Ver. Comp., ¶¶11, 12, 13, 14, 15, 16, 26. It likewise incorrectly avers the Hyatt had notice of or otherwise created any allegedly defective condition at/on the Ziva Rose Hall premises as of the date of accident. Ver. Comp., ¶26.

15) According to the Verified Complaint, Plaintiff's alleged claim arose exclusively from negligence and injuries said to have occurred in Jamaica. Ver. Comp., ¶¶24-25.

16) I consent to the jurisdiction of the appropriate courts of Jamacia for the resolution of this matter and, to the extent applicable, agree to waive any statute of limitations defense(s) regarding reinstitution of this action in the appropriate courts of Jamaica.

I hereby declare that the above statements are true to the best of my knowledge and belief and that the same are made for use as evidence in court, subject to penalty of perjury pursuant to applicable New York law and 28 U.S.C. 1746.

Dated this 21st day of June 2023:

_____
**CHRISTINA URBANSKI**