UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

INA KAPLAN,

                    Plaintiff,

     -against-                            Case No. 1:23-cv-02598-MLB-ST

HYATT HOTELS CORPORATION and
HYATT ZIVA ROSE HALL,

                    Defendants.

-------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT HYATT HOTELS CORPORATION AND HYATT ZIVA ROSE HALL'S MOTION TO DISMISS

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
*Attorneys for Defendants*
HYATT HOTELS CORPORATION and
HYATT ZIVA ROSE
77 Water Street, Suite 2100
New York, NY 10005
212.232.1300 (P)
212.232.1399 (F)

Dean L. Pillarella, Esq.
James M. Strauss, Esq.
*On the brief*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT.............................................................................1

STATEMENT OF FACTS AND PROCEDURAL HISTORY............................................4

ARGUMENT.............................................................................................6

I.     PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION, SINCE THE COURT LACKS BOTH GENERAL AND SPECIFIC JURISDICTION OVER DEFENDANTS............................6

     A. THE COURT LACKS GENERAL JURISDICTION...........................7

     B. THE COURT LACKS SPECIFIC JURISDICTION.............................8

        i.    CPLR §302(a)(1) Is Inapplicable To Confer Specific jurisdiction........9
        ii.   CPLR §302(a)(2) Is Inapplicable To Confer Specific Jurisdiction......12
        iii.  CPLR §302(a)(3) Is Inapplicable To Confer Specific Jurisdiction......13
        iv.  CPLR §302(a)(4) Is Inapplicable to Confer Specific Jurisdiction......13
        v.   The Verified Complaint Fails to Plead That the Exercise Of Specific Jurisdiction Comports with Due Process..................................14

II.    ALTERNATIVELY, THE BINDING FORUM SELECTION CLAUSE SIGNED BY PLAINTIFF WARRANTS DISMISSAL OF PLAINTIFF'S COMPLAINT ON *FORUM NON CONVENIENS* GROUNDS......................................15

     A. THE FORUM SELECTION CLAUSE IS PRESUMPTIVELY VALID.............................................................................15

        i.    The Clause Was Reasonably Communicated............................16
        ii.   The Clause Is Mandatory And Not Merely Permissive.................17
        iii.  The Clause Covers The Claims And Parties Involved.................18

     B. Plaintiff Cannot Rebut the Presumption of Enforceability......................18

        i.    There Was No Fraud Or Overreaching...................................19
        ii.   Plaintiff Will Not Be Practically Deprived of Her Day in Court.......................................................................19
        iii.  Jamaican law Is Not Fundamentally Unfair.............................20
        iv.  Enforcement Does Not Contravene New York's Public Policy......21

III.   EVEN WITHOUT THE FORUM SELECTION CLAUSE, THE PRIVATE INTEREST FACTORS FAVOR DISMISSAL ON *FORUM NON CONVENIENS* GROUNDS............................................................................22

CONCLUSION………………………………………………………………………………...2

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Arroyo v. Mountain Sch.,
    68 A.D.3d 603, 892 N.Y.S.2d 74 (1st Dep't 2009) .................................................10

Aybar v. Aybar,
    37 N.Y.3d 274 (2021) ...............................................................................................7

Bain v. Paradise Beach Corp. Panama,
    Case No. 17-cv-01152, 2018 U.S. Dist. LEXIS 212084 (E.D.N.Y. Dec. 17,
    2018) ........................................................................................................3, 8, 11, 13

BNSF Railway Co. v. Tyrrell,
    581 U.S. 402 (2017)..................................................................................................8

Brandt v. Toraby,
    273 A.D.2d 429, 710 N.Y.S.2d 115 (2d Dep't 2000) .............................................10

Brodsky v. Match.com LLC,
    2009 U.S. Dist. LEXIS 101167 (S.D.N.Y. Oct. 28, 2009) ......................................21

Cannella v. Intercontinental Hotels Grp., PLC,
    2023 U.S. Dist. LEXIS 46840, 2023 WL 2574759 (S.D.N.Y. Mar. 20, 2023)...........3, 6, 8, 11

Couvertier v. Concourse Rehabilitation & Nursing, Inc.,
    117 A.D.3d 772, 985 N.Y.S.2d 683 (2d Dep't 2014) .............................................21

D&R Global Selections, S.L. v. Bodega Olegario Falcon Pineiro,
    29 N.Y.3d 292, 56 N.Y.S.3d 488 (2017) ...............................................................14

Daimler AG v. Bauman,
    571 U.S. 117 (2014)...............................................................................................7, 8

DeLorenzo v. Viceroy Hotel Grp., LLC,
    757 F. App'x. 6 (2d Cir. 2018) ..........................................................................3, 10

Du Quenoy v. Am. Univ. of Beirut,
    2019 U.S. Dist. LEXIS 167165 (S.D.N.Y. Sep. 27, 2019).............................15, 16, 17, 18, 20

Effron v. Sun Line Cruises,
    67 F.3d 7 (2d Cir. 1995)..........................................................................................23

Ekpo v. Playa Mgmt. United States, LLC,
　　No. 1:21-CV-2089-TWT, 2023 U.S. Dist. LEXIS 82445 (N.D. Ga. May 11,
　　2023) ................................................................................................................16, 18, 20, 21

Ford Motor Co. v. Mont. Eighth Judicial Dist. Court,
　　141 S. Ct. 1017 (2021).................................................................................................14

Garcia v. Ruffin,
　　Case No. 06-cv-4233, 2008 U.S. Dist. LEXIS 141701 ......................................3, 12

Gelfand v. Tanner Motor Tours, Ltd.,
　　339 F.2d 317 (2d Cir. 1964).......................................................................................10

Goodyear Dunlop Tires Operations, S.A. v. Brown,
　　564 U.S. 915 (2011)........................................................................................................7

Guimond v. Wyndham Hotels,
　　95 Civ. 0428 (JFK), 1996 U.S. Dist. LEXIS 7255 (S.D.N.Y. May 28, 1996) ............20, 22, 23

Gulf Oil Corp. v. Gilbert,
　　330 U.S. 501 (1946)......................................................................................................22

Horvath v. Banco Comercial Portugues, S.A.,
　　461 F. App'x 61 (2d Cir. 2012) ................................................................................16

Intercontinental Hotels Corp. v. Golden,
　　15 N.Y.2d 9, 254 N.Y.S.2d 527 (1964) ...................................................................21

Johnson v. Ward,
　　4 N.Y.3d 516, 797 N.Y.S.2d 33 (2005) .....................................................................9

Peldman v. Kalahari Resorts, LLC,
　　208 A.D.3d 1107, 175 N.Y.S.3d 34 (1st Dep't 2022) .........................................9, 13

Phillips v. Audio Active Ltd.,
　　494 F.3d 378 (2d. Cir. 2007)...........................................................................16, 17, 18

Rody v. Corp. of Lloyd's,
　　996 F.2d 1353 (2d Cir. 1993).....................................................................................19

S.K.I. Beer Corp. v. Baltika Brewery,
　　612 F.3d 705 (2d Cir. 2010)........................................................................................19

Seales v. Panamanian Aviation Co.,
　　No. CV-07-2901(CPS)(CLP), 2008 U.S. Dist. LEXIS 14429 (E.D.N.Y. Feb.
　　25, 2008) .......................................................................................................................20

iv

Snegur v. Grupo Iberostar,
    Case No. 14-cv-4445, 2016 U.S. Dist. LEXIS 1169, 2016 WL 74414
    (E.D.N.Y. Jan. 6, 2016) ........................................................................3, 6, 12

Stern v. Four Points by Sheraton Ann Arbor Hotel,
    133 A.D.3d 514, 19 N.Y.S.3d 289 (1st Dep't 2015) .................................9, 12

Taje Monbo & Deafueh Monbo v. Loft Nathan, Red Gap Film Grp., LLC,
    No., 2022 U.S. Dist. LEXIS 180608, 2022 WL 4591905 (E.D.N.Y. 2022)..............................7

Thackurdeen v. Duke Univ.,
    660 F. App'x. 43 (2d Cir. 2016) ..............................................................13

Thyssenkrupp Materials NA, Inc. v. M/V Kacey,
    236 F. Supp. 3d 835 (S.D.N.Y. Feb. 16, 2017).........................................16

Zeidan v. Scott's Development Co.,
    173 A.D.3d 1639, 103 N.Y.S.3d 707 (4th Dep't 2019).........................9, 14

**Statutes**

N.Y. Civil Practice Law and Rules ("CPLR") §302(a)(1)................2, 3, 8, 9, 10, 11, 12

CPLR §302(a)(2) ................................................................................12, 13

CPLR §302(a)(3) ......................................................................................13

CPLR §302(a)(4) ......................................................................................13

Fed. R. Civ. P. R. 12(b)(2)..................................................................1, 2, 6

## PRELIMINARY STATEMENT

Defendants Hyatt Hotels Corporation ("Hyatt") and Hyatt Ziva Rose Hall, respectfully submit this Memorandum of Law in support of their Motion: (i) pursuant to Fed. R. Civ. P. 12(b)(2), to dismiss Plaintiff's Verified Complaint for lack of personal jurisdiction; or (ii) alternatively, if personal jurisdiction over Defendants is found to exist, to dismiss Plaintiff's Verified Complaint based on Ms. Kaplan's signed agreement containing a mandatory jurisdictional clause which obligates her to bring any claims asserted against Defendants in the courts of Jamaica; or (iii) alternatively, to dismiss under the common-law doctrine of *forum non conveniens*.

In this action, Plaintiff Ina Kaplan alleges a single claim of negligence against Defendants, claiming that she was injured due to a slip and fall accident on April 19, 2022, while she was vacationing with her husband at the Hyatt Ziva Rose Hall Resort in Montego Bay, Jamaica – a resort which has no connection to Hyatt itself but rather is merely a trade name for the non-party Jamaican hotel owner, Playa Hall Jamaican Resort Limited. Notwithstanding the fact that Plaintiff's accident occurred in Jamaica, Ms. Kaplan improperly has brought this action in New York against Hyatt (an entity that has nothing to do with Hyatt Ziva Rose Hall hotel) and Hyatt Ziva Rose Hall (which is not an entity), where there simply is no personal jurisdiction over either of the Defendants. Accordingly, Plaintiff's Complaint should be dismissed in full, as this case has nothing to do with New York or Defendants.

In order to have personal jurisdiction over Defendants, either general or specific jurisdiction over the Defendants must lie. General jurisdiction generally may be found over a corporation in the state where that corporation is either incorporated or maintains its principal place of business. Here, general jurisdiction over Hyatt does not lie in New York. As the Declaration

of Hyatt's Assistant Secretary, Christina Urbanski, makes clear, general jurisdiction over Hyatt does not exist in New York, since Hyatt is incorporated in Delaware, and its principal place of business is Illinois.

Nor is there general jurisdiction over the non-entity "Hyatt Ziva Rose Hall." Since Hyatt Ziva Rose Hall is not a legal entity, it does not have a principal place of business or place of incorporation. Further, its owner, Playa Hall Jamaican Resort Limited, has not been sued in this action, and since Hyatt Ziva Rose Hall is just a trade name and not an entity, it cannot be sued in New York or anywhere else for that matter. In any event, the Verified Complaint alleges non-entity Hyatt Ziva Rose Hall is incorporated in and maintains its principal place of business in Jamaica, not New York.

There also is no specific jurisdiction over Defendants. Regarding specific jurisdiction, New York's CPLR §§302(a)(1)-(4) provide the standards for when jurisdiction over a non-domiciliary can attach. Notably, each prong of CPLR §302(a) requires that the injury at issue must "arise" from some activity in New York which caused the Plaintiff's injury in question. Here, nothing Defendants did <u>in New York State</u> has anything to do with the cause of Ms. Kaplan's injuries. Indeed, by her own admission in her Complaint, Ms. Kaplan's injury occurred due to the alleged negligence of Jamaican hotel employees <u>in Jamaica</u>, while she was vacationing at Hyatt Ziva Rose Resort <u>in Jamaica</u> – which is the only place where Ms. Kaplan's alleged injuries could have occurred based on the alleged acts and omissions of non-party Jamaican entities.

Notably, courts in the Second Circuit have confronted the precise situation at issue here – <u>i.e.</u>, a claim by a Plaintiff who suffered a personal injury at a hotel outside of the United States, who then commences a personal injury suit in New York against non-domiciliary Defendants who in turn file a Fed. R. Civ. P. 12(b)(2) motion to dismiss the Plaintiff's Complaint for lack of

2

personal jurisdiction. In those cases, the Plaintiffs at issue regularly have had their cases dismissed for lack of personal jurisdiction, since the accident arose at the foreign hotel, with no connection to the plaintiff's claim arising from any New York contacts under any of the prongs listed in CPLR §§302(a)(1)-(4).

Directly instructive on that point are: <u>DeLorenzo v. Viceroy Hotel Grp., LLC</u>, 757 F. App'x. 6 (2d Cir. 2018); <u>Cannella v. Intercontinental Hotels Grp., PLC</u>, Case No. 21-cv-5204, 2023 U.S. Dist. LEXIS 46840, 2023 WL 2574759 (S.D.N.Y. Mar. 20, 2023); <u>Bain v. Paradise Beach Corp. Panama</u>, Case No. 17-cv-01152, 2018 U.S. Dist. LEXIS 212084 (E.D.N.Y. Dec. 17, 2018); <u>Snegur v. Grupo Iberostar</u>, Case No. 14-cv-4445, 2016 U.S. Dist. LEXIS 1169, 2016 WL 74414 (E.D.N.Y. Jan. 6, 2016); and <u>Garcia v. Ruffin</u>, Case No. 06-cv-4233, 2008 U.S. Dist. LEXIS 141701 (E.D.N.Y. Jun. 19, 2008). As precisely found in each, as a matter of fact and as a matter of law, personal jurisdiction simply cannot be found to exist over Defendants in this case.

Alternatively, even if personal jurisdiction could be exercised over Defendants, Plaintiff's lawsuit still should be dismissed on *forum non conveniens* grounds. Notably absent from the allegations in Plaintiff's Complaint is the fact that when Ms. Kaplan came to the Rose Hall Resort, she signed a non-permissive forum selection clause, without objection, which expressly states that: "[A]ny incident, complaint, demand, claim or legal proceeding <u>shall be</u> submitted to the exclusive jurisdiction of the Jamaican courts and subject to Jamaican laws and regulations" (emphasis added). Under Second Circuit caselaw, the forum selection clause is binding on Plaintiff, and to the extent Ms. Kaplan's Complaint is not dismissed on personal jurisdiction grounds, the jurisdictional clause should be enforced in full.

Even without the forum selection clause, though, each of the *forum non conveniens* doctrine's private-and-public interest factors weighs in Defendants' favor, further warranting

dismissal. As iterated below, the underlying accident occurred in Jamaica, on Jamaica premises; any and all witnesses to the accident are located in Jamaica; and Plaintiff received treatment in Jamaica, at a Jamaican hospital. Jamaican witnesses are beyond the Court's subpoena power, thus rendering litigation in New York unduly burdensome.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiff commenced this action on April 5, 2023, by Summons and Verified Complaint. See Pillarella Dec. Exh. A.[1] Among other things, the Verified Complaint alleges Plaintiff sustained injuries "on April 19, 2022, at approximately 3:50 p.m. . . . due to a dangerous and hazardous condition existing [at the Rose Hall Resort]." See Pillarella Dec. Exh. A at ¶ 24.

The Absence of General Jurisdiction

The Verified Complaint pleads Defendant Hyatt "was and still is a domestic corporation, foreign corporation or other legal entity duly organized and existing under and by virtue of the laws of the State of Illinois," and "maintain[s] a principal place of business at 150 N Riverside Plaza, Chicago, Illinois." Pillarella Dec. Exh. A at ¶¶ 2-3. However, the annexed Declaration of Christina Urbanski, Hyatt's Assistant Secretary, confirms that while Hyatt's principal place of business is Illinois, Hyatt's state of incorporation is Delaware. See Pillarella Dec. Exh. B at ¶¶ 5-6.

The Verified Complaint further alleges Hyatt Ziva Rose Hall "was and still is a domestic, foreign or other legal entity duly organized and existing under and by virtue of the country of Jamaica," and "maintain[s] a principal place of business at Rose Hall Road, A1, Montego Bay, Jamaica." Pillarella Dec. Exh. A at ¶ 5. As confirmed by Ms. Urbanski, however, Hyatt Ziva

---

[1] Submitted herewith is the Declaration of Dean L. Pilarella, sworn to on June 22, 2023 (the "Pillarella Dec.").

Rose Hall is not a legal entity; rather, "Hyatt Ziva Rose Hall" is merely the trade name for the Rose Hall Resort, which is owned by non-party Playa Hall Jamaican Resort Limited. Id. at Ex. B, ¶ 10. This is also confirmed by the Declaration of Panna Utpaul, the Rose Hall Resort's General Manager. See id. at ¶6.

The Absence of Specific Jurisdiction

On its face, Plaintiff's Verified Complaint pleads that each element of Plaintiff's negligence cause of action arises from acts, omissions, and injuries which have occurred exclusively in Jamaica. For example, Plaintiff alleges it was Defendants' duty to "maintain the subject premises, specifically Building 3, second floor" of the Rose Hall Resort. See Pillarella Dec. Exh. A at ¶¶ 20, 14.[2] As well, Plaintiff further alleges Defendants breached their duty "in their ownership, operation, management, and control of the subject premises, specifically Building 3, second floor." Id. at ¶ 25.

Plaintiff further alleges she "was caused and allowed to slip and fall and sustain serious personal injuries at the aforesaid premises due to a dangerous and hazardous condition existing thereat." Id. at ¶ 24. As well, "the aforesaid serious injuries sustained by Plaintiff [] were caused solely by the negligence of the Defendants in their ownership, operation, maintenance, management and control of the subject premises." Id. at ¶ 27.

Plaintiff's Binding Forum Selection Clause

As averred by Mr. Utpaul, on April 16, 2022, three days prior to the alleged accident, Plaintiff signed a forum selection clause which bound her to bring any claims against the resort

---

[2] The paragraph numbering of Plaintiff's Verified Complaint skips numbers and repeats numbers. Among other problems, the Verified Complaint contains two paragraph 8's; paragraph 11 comes after paragraph 17; and paragraph 15 comes after paragraph 21.

in Jamaica, subject to Jamaica law. <u>See</u> Pillarella Dec. Exh. C at ¶ 7. The forum selection clause is mandatory, rather than permissive, and binds Plaintiff as follows:

NOTICE TO GUEST

\*       \*       \*

By signing this document, you hereby acknowledge and agree . . . that all services at the Hotel premises [i.e., the Rose Hall Resort] are subject to applicable law and regulations in Jamaica. As a result, any incident, complaint, demand, claim or legal proceeding shall be submitted to the exclusive jurisdiction of the Jamaican courts and subject to Jamaican laws and regulations. You . . . hereby expressly waive any right to challenge jurisdiction or venue in such courts (or applicable law) due to your current or future place of residence or nationality."

<u>See</u> Pillarella, Dec. Exh. C at ¶ 8, Exh. A.

## **ARGUMENT**

### **POINT I**

**PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED**
**FOR LACK OF PERSONAL JURISDICTION**
**SINCE THE COURT LACKS BOTH GENERAL AND**
**<u>SPECIFIC JURISDICTION OVER DEFENDANTS</u>**

"A plaintiff bears the burden of establishing personal jurisdiction over a defendant on a motion to dismiss under Rule 12(b)(2) of the Federal Rules of Civil Procedure." <u>Snegur v. Grupo Iberostar</u>, No. 14-CV-4445 (ILG) (JO), 2016 U.S. Dist. LEXIS 1169, at *5 (E.D.N.Y. Jan. 6, 2016). To that point, the burden is on Plaintiff "to offer *factual* allegations that, if credited, would suffice to establish personal jurisdiction." <u>Cannella v. Intercontinental Hotels Grp., PLC</u>, No. 21-cv-5204 (MKV), 2023 U.S. Dist. LEXIS 46840, at *7 (S.D.N.Y. Mar. 20, 2023) (emphasis in original). Indeed, "'conclusory non-fact-specific jurisdictional allegations' in [] pleading[s] are plainly insufficient." <u>Id.</u> (quoting <u>Jazini v. Nissan Motor Co.</u>, 148 F.3d 181, 186 (2d Cir. 1998)).

Here, Plaintiff fails to plead a prima facie claim of personal jurisdiction over Defendants, as the Verified Complaint is utterly devoid of any fact-specific basis to support the exercise of general or specific jurisdiction over Defendants in this action.

## A. **The Court Lacks General Jurisdiction**

As noted by the Supreme Court, "[a] court may assert general jurisdiction over foreign . . . corporations to hear any and all claims against them when their affiliations with the State are 'so continuous and systematic' as to render them essentially at home in the forum state." Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011). "With respect to a corporation, the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction.'"[3] Daimler AG v. Bauman, 571 U.S. 117, 137 (2014) (quoting Brillmayer, et al., *A General Look at General Jurisdiction*, 66 Texas L. Rev. 721, 735 (1988)); see also Taje Monbo & Deafueh Monbo v. Loft Nathan, Red Gap Film Grp., LLC, No., 2022 U.S. Dist. LEXIS 180608, at *142, 2022 WL 4591905 (E.D.N.Y. 2022) (citing Daimler).

Here, the Verified Complaint itself fails to plead that general jurisdiction over Defendants lies in New York, as Plaintiff's Complaint alleges: (i) that Hyatt is incorporated in Illinois (not New York) and maintains its principal place of business in Illinois (not New York); and (ii) that "Hyatt Ziva Rose Hall" is "a domestic corporation or a foreign corporation or other legal entity" organized under the laws of Jamaica" (which it is not).[4] See Pillarella Dec. Exh. A at ¶¶ 2-5; id. at Exh. B ¶¶ 5; 6; 10; id. at Exh. C at ¶ 6. Further, the Verified Complaint is entirely devoid of

---

[3] Additionally, New York's Court of Appeals has rejected the notion of corporate "consent by registration," holding: "[U]nder existing New York law, a foreign corporation does not consent to general jurisdiction in th[e] state merely by complying with . . . registration requirements." Aybar v. Aybar, 37 N.Y.3d 274, 290 (2021).

[4] As discussed in the Statement of Facts above, "Hyatt Ziva Rose Hall" is not a legal entity and is merely the trade name for the Rose Hall Resort, owned by non-party Playa Hall Jamaican Resort Limited.

any factual detail from which Defendants can otherwise be deemed "essentially at home" in New York. Compare Cannella v. Intercontinental Hotels Grp., PLC, 2023 U.S. Dist. LEXIS at *11 with BNSF Railway Co. v. Tyrrell, 581 U.S. 402, 414 (2017) (defendant's "2,000 miles of railroad track and more than 2,000 employees" in Montana insufficient to render it "essentially at home in that State").

Tellingly, in Bain v. Paradise Beach Corp. Pan., No. 17-CV-01152, 2018 U.S. Dist. LEXIS 212084, at *4 (E.D.N.Y. Dec. 17, 2018), this Court rejected the exercise of general jurisdiction over a Panamanian hotel because, even assuming the hotel continuously and systematically solicited business in New York:

> in light of the Supreme Court's decision in Daimler, . . . subjecting Defendants to general jurisdiction would be incompatible with due process. . . . For a corporation, its place of incorporation and principal place of business are the paradigm bases for general jurisdiction. As to Defendants here, neither of those places are located in New York.

Here, as none of the Defendants are incorporated in New York or have principal places of business in New York, "general jurisdiction" over the Defendants does not lie.

## B. The Court Lacks Specific Jurisdiction

Absent general jurisdiction, Plaintiff must avail herself of CPLR §302(a)'s bases for specific jurisdiction. Crucial to specific jurisdiction, however, is CPLR §302(a)'s mandate that Plaintiff's negligence cause of action must "aris[e] from any of the acts enumerated in [CPLR §302(a)]" as a matter of law. See CPLR §302(a). As discussed below, Plaintiff's injury in no way "arises" from any of the prongs listed in CPLR §302(a)(1)-(4), thus establishing a lack of specific jurisdiction here.

8

### i)     CPLR §302(a)(1) Is Inapplicable To Confer Specific Jurisdiction

CPLR §302(a)(1) confers personal jurisdiction where the plaintiff's cause of action arises from the defendant's transaction of business within the State or "contract[ing] anywhere to supply goods or services within the State."

At the outset, CPLR §302(a)(1) is inapplicable on its face because Plaintiff does not plead in the Verified Complaint that Defendants transacted business in the State or contracted to supply goods or services in the State in any way relevant to Plaintiff's claims. While unpled, inasmuch as Plaintiff may argue Defendants solicited business in the State, it is well-settled that "solicitation of business alone does not justify the finding of corporate presence in New York by a foreign purveyor of services." Peldman v. Kalahari Resorts, LLC, 208 A.D.3d 1107, 1107, 175 N.Y.S.3d 34 (1st Dep't 2022) (citing Laufer v. Ostrow, 55 N.Y.2d 305, 310, 449 N.Y.S.2d 456 (1982)).

Even if the Verified Complaint did plead a relevant transaction of business, CPLR §302(a)(1) still could not apply, because Plaintiff's negligence claim do not arise from a transaction of business in New York as a matter of law. Indeed, for a claim to "arise from" a transaction of business within the meaning of CPLR §302(a)(1), "a substantial relationship must be established between a defendant's transactions in New York and a plaintiff's cause of action . . . ." Johnson v. Ward, 4 N.Y.3d 516, 519, 797 N.Y.S.2d 33 (2005). In the negligence context, this requires "an articulable nexus or substantial relationship between at least one element of the[] negligence cause of action and defendants' alleged contacts with New York." Zeidan v. Scott's Development Co., 173 A.D.3d 1639, 1640, 103 N.Y.S.3d 707, 708 (4th Dep't 2019). Applying the standard here, "[P]laintiff's negligence action, arising from an allegedly defective condition of premises [out of state], is too remote to support the exercise of long-arm or specific jurisdiction under CPLR 302(a)(1)." Stern v. Four Points by Sheraton Ann Arbor Hotel, 133 A.D.3d 514, 514,

19 N.Y.S.3d 289, 290 (1st Dep't 2015) (citing, among other cases, Paterno v. Laser Spine Institute, 24 N.Y.3d 370, 998 N.Y.S.2d 720 (2014)).

In Gelfand v. Tanner Motor Tours, Ltd., 339 F.2d 317 (2d Cir. 1964), for example, the plaintiff sustained injuries in a bus accident in Nevada after boarding a bus in New York. The Second Circuit rejected the application of CPLR §302 in its entirety, noting that "[t]he alleged negligence of defendants, the subsequent injury to plaintiffs, and every relevant occurrence connecting these two events, all took place [in Nevada]." Id. at 321. As in Gelfand, each element of Plaintiff's negligence cause of action – duty, breach, causation, and damages – arose in Jamaica, where Plaintiff "was caused and allowed to slip and fall and sustain serious personal injuries at the [Rosehall Resort] due to a dangerous and hazardous condition existing thereat." Pillarella Dec. Exh. A at ¶ 24. See also Arroyo v. Mountain Sch., 68 A.D.3d 603, 604-05, 892 N.Y.S.2d 74, 76 (1st Dep't 2009) (affirming inapplicability of CPLR §302(a)(1) because: "Even if defendants transacted business within New York . . . Defendants' duty of care to plaintiff arose in Vermont, not New York."); Brandt v. Toraby, 273 A.D.2d 429, 431, 710 N.Y.S.2d 115, 117 (2d Dep't 2000) (same despite that contract was negotiated in New York where contract was scheduled to be performed in Connecticut and plaintiff's claim stemmed from a failure to provide a safe work place in Connecticut).

Directly instructive here is the Second Circuit's decision in DeLorenzo v. Viceroy Hotel Grp., LLC, 757 F. App'x. 6 (2d Cir. 2018), where a hotel employee drugged and sexually assaulted the Plaintiff at an Anguilla hotel. The plaintiff in DeLorenzo argued CPLR §302(a)(1)'s "arising from" requirement was satisfied because, in her view, her negligence cause of action arose from the booking of her hotel reservation in New York, through the hotel's website. The Second Circuit

rejected this argument, however, holding simply that: "[The] claims arise not out of [a] hotel contract . . . but rather out of an alleged sexual assault in Anguilla." Id. at 9-10.

Likewise, Plaintiff's claim arises not out of any transaction of business or contract with Defendants but, simply, a slip-and-fall accident in Jamaica.[5] Here, Plaintiff did not even book the registration through Hyatt's website. Instead, Plaintiff made the booking through a third-party travel agency, Delta Vacations, LLC. See Pillarella Dec. Exh. C at ¶ 11, Exh. B. Regardless, courts within the Second Circuit and New York State have repeatedly rejected the argument that personal jurisdiction in New York should lie against a domiciliary in a foreign country, or even in a different State, merely because a plaintiff booked a hotel room in New York to travel to that hotel in a foreign country or State.

• Cannella v. Intercontinental Hotels Grp., PLC, 2023 U.S. Dist. LEXIS 46840 at *12, 2023 WL 2574759 ("With respect to Section 302(a)(1), Plaintiffs essentially contend that courts in New York have personal jurisdiction over any foreign hotel that takes a reservation that was made from New York. . . . That is not the law. Plaintiffs' claims do not arise out of booking the reservation.");

• Bain v. Paradise Beach Corp. Panama, 2018 U.S. Dist. LEXIS 212084 (where this Court stated: "If foreign hotels were subject to specific jurisdiction in New York simply because they allow New York residents to book reservations through the internet, those hotels would be subject to jurisdiction in every state, which cannot be the case.");[6]

---

[5] In Plaintiff's letter to the Court responding to Defendants' request for a pre-motion conference on the issue of moving to dismiss Plaintiff's Complaint on personal jurisdiction grounds (Dkt. #11), Plaintiff argues that the use of a website does confer personal jurisdiction on Defendants here; nonetheless, Plaintiff did not book her stay from her NY residence utilizing Hyatt's website, as claimed, but, rather, through a travel agency. See Pillarella Dec. Exh. C at ¶ 11, Exh. B.

[6] The holding cited above in Bain was made in the course of addressing CPLR §302(a)(3), but the language is equally apt for the Court's consideration in its evaluation of whether CPLR §302(a)(1) confers specific jurisdiction over Defendants in this case.

• Snegur v. Grupo Iberostar, 2016 U.S. Dist. LEXIS 1169 (in slip-and-fall case at Jamaican hotel, this Court dismissed the plaintiff's complaint for lack of personal jurisdiction over foreign defendants, rejecting the claim that under, CPLR §302(a)(1), jurisdiction should lie because the plaintiff's booking of the hotel was done in New York);

• Garcia v. Ruffin, 2008 U.S. Dist. LEXIS 141701 at *14 (in dismissing plaintiff's complaint for lack personal jurisdiction, this Court stated: "Plaintiffs allege that they booked their vacation package at Defendants' hotel through Expedia . . . However, even assuming that Defendants transact business or supply services in New York, 'causes of action against foreign hotels, resorts or tour companies for injuries sustained in a foreign locale do not "arise from' the sale of tickets through an agency in New York because the sale is too remotely related to the negligence action to afford a basis for jurisdiction under § 302(a)(1)") (quoting Hinsch v. Outrigger Hotels Hawaii, 153 F. Supp. 2d 209, 213 (E.D.N.Y. 2001));

• Stern v. Four Points by Sheraton Ann Arbor Hotel, 133 A.D.3d at 514, 19 N.Y.S.3d at 290 (rejecting personal jurisdiction over Michigan corporation where the plaintiff slipped and fell in hotel lobby, holding that plaintiff's use of interactive website to book hotel room was "too remote" to confer personal jurisdiction under CPLR §302(a)(1)).

Based on the above, there can be no dispute as to the inapplicability of CPLR §302(a)(1) to confer personal jurisdiction over Defendants here.

### ii) CPLR §302(a)(2) is Inapplicable To Confer Specific Jurisdiction

CPLR 302(a)(2) confers personal jurisdiction where the plaintiff's cause of action arises from a defendant's tort committed in the State. Here, the Verified Complaint pleads the exact opposite: "The aforesaid injuries sustained by Plaintiff [] were caused *solely* by the negligence of

the Defendants in their ownership, operation, maintenance, management and control of the [Rose Hall Resort] premises." Pillarella Dec. Exh. A at ¶ 27 (emphasis added).

Accordingly, CPLR §302(a)(2) does not confer personal jurisdiction over Defendants here.

### iii)    CPLR §302(a)(3) Is Inapplicable To Confer Specific Jurisdiction

CPLR §302(a)(3) confers personal jurisdiction where the plaintiff's cause of action arises from a defendant's tort committed outside the State and causes injury to the plaintiff's person or property within the State. Here, however, the Verified Complaint does not plead Plaintiff sustained injuries in New York, nor was this the case.

As noted by the Second Circuit, "[w]hether the injury occurred 'in' New York for purposes of CPLR §302(a)(3) generally depends on a 'situs-of-injury test, which asks the court to locate the original event which caused the injury.'" Thackurdeen v. Duke Univ., 660 F. App'x. 43, 46-47 (2d Cir. 2016). Here, there can be no dispute that Plaintiff's alleged slip-and-fall occurred in Jamaica, as Plaintiff herself so alleges in her Complaint. See Pillarella Dec. Exh. A at ¶¶ 24-27; see also Bain v. Paradise Beach Corp. Panama, 2018 U.S. Dist. LEXIS 212084 at *5 ("[C]ourts applying CPLR 302(a)(3) have held that the injury resulting from the tortious act must have occurred in New York."); cf. Peldman v. Kalahari Resorts, LLC, 208 A.D.3d at 1107-08, 175 N.Y.S.3d at 3d at 36 (CPLR 302(a)(3) inapplicable where "the event giving rise to the injury . . . actually occurred in Pennsylvania, not New York").

### iv)    CPLR §302(a)(4) Is Inapplicable To Confer Specific Jurisdiction

CPLR §302(a)(4) confers personal jurisdiction where the plaintiff's cause of action arises from a defendant's ownership, use, or possession of any real property situated within the State.

On its face, CPLR §302(a)(4) is not satisfied, as the Rose Hall Resort, located in Jamaica, is the only real property mentioned in the Verified Complaint. See Pillarella Dec. Exh. A at ¶ 24.

As a matter of law, Plaintiff's negligence claim arose exclusively from the ownership, use, or possession of Jamaican real property.[7] See id. at ¶ 24; compare Zeidan v. Scott's Development Co, 173 A.D.3d at 1640, 103 N.Y.S.3d at 709 (2019) ("Although plaintiffs alleged that defendant [] owns property in New York, there is no indication . . . that such ownership gave rise to plaintiffs' allegations of negligence at the water park in Pennsylvania."). If Plaintiff seeks to have this case litigated at all, all roads point to Jamaica.

### v)    The Verified Complaint Fails To Plead That The Exercise Of Specific Jurisdiction Comports with Due Process

Even if CPLR §302 were satisfied, the Verified Complaint equally fails to plead that the exercise of specific jurisdiction comports with due process. "Exercise of personal jurisdiction under CPLR 302[] must also comport with federal due process." D&R Global Selections, S.L. v. Bodega Olegario Falcon Pineiro, 29 N.Y.3d 292, 299, 56 N.Y.S.3d 488, 493 (2017). The due process inquiry is twofold. First, "there must be an affiliation between the forum and the underlying controversy, principally, an activity that takes place in the forum State and is therefore subject to the state's regulation." Ford Motor Co. v. Mont. Eighth Judicial Dist. Court, 141 S. Ct. 1017, 1025 (2021) (citations omitted). Second, assuming the "minimum contacts" inquiry is satisfied, it must also be the case that "the maintenance of the suit' is 'reasonable' and 'does not offend traditional notions of fair play and substantial justice." Id. at 1020 (quotation and citation omitted).

Here, the Verified Complaint contains no allegations at all – let alone specific factual allegations – to satisfy either inquiry. Accordingly, there is no basis to conclude this suit arises

---

[7] As stated, Plaintiff fails to include the hotel owner that employs and controls the hotel's employees as a defendant in this case, and, even had Plaintiff included the hotel owner, all pertinent actions to this case occurred in Jamaica, by a Jamaican entity, depriving the Court of jurisdiction in any event.

out of or relates to any "minimum contacts" with New York such that its maintenance would not offend "traditional notions of fair play and substantial justice." This is particularly true for Hyatt, which bears no connection at all to the Rose Hall Resort. See Pillarella Dec. Exh. B at ¶¶ 9-12.

Given the foregoing, the Court lacks any statutory or constitutional basis for the exercise of personal jurisdiction over Defendants, and thus Plaintiff's Complaint should be dismissed on grounds of lack of personal jurisdiction.

**POINT II**

**ALTERNATIVELY, THE BINDING FORUM SELECTION CLAUSE
SIGNED BY PLAINTIFF WARRANTS DISMISSAL
OF PLAINTIFF'S COMPLAINT ON *FORUM NON CONVENIENS* GROUNDS**

As detailed above, because there is no personal jurisdiction over Defendants, this Court need not consider the issue of *forum non conveniens*. Nevertheless, "[t]he appropriate procedural mechanism for filing a motion to enforce a forum selection clause designating a foreign forum is a motion to dismiss for *forum non conveniens.*" Du Quenoy v. Am. Univ. of Beirut, No. 18 Civ. 6962(ER)2019 U.S. Dist. LEXIS 167165, at *1 (S.D.N.Y. Sep. 27, 2019) (citing Atl. Marine Constr. Co. v. U.S. District Court for the Western District of Texas, 571 U.S. 49 (2013)).

Based on *forum non conveniens* doctrine, Jamaica is the only forum for Plaintiff's case to be brought, given not only the binding forum selection clause executed by Plaintiff, but also taking into consideration the fact that the accident occurred in Jamaica, the employees who purportedly were negligent reside in Jamaica, and any third-parties who may have contributed to the dangerous condition on which Plaintiff fell are based in Jamaica.

A.    **The Forum Selection Clause Is Presumptively Valid**

"[A] valid forum selection clause is given controlling weight in all but the most exceptional cases." Du Quenoy v. American University of Beirut, 2019 U.S. Dist. LEXIS 167165 at *7-8. "In

15

the Second Circuit, a forum selection clause is presumptively valid if [1] it was reasonably communicated to the party resisting enforcement, [2] is mandatory and not merely permissive, and [3] covers the claims and parties involved in the suit." Thyssenkrupp Materials NA, Inc. v. M/V Kacey, 236 F. Supp. 3d 835, 839 (S.D.N.Y. Feb. 16, 2017) (citing Phillips v. Audio Active Ltd., 494 F.3d 378, 383 (2d. Cir. 2007)). As confirmed by the record evidence, the forum selection clause at issue was executed by Plaintiff when she checked into the hotel in Jamaica on April 16, 2022,[8] and readily satisfies each of the three elements referenced in the Thyssenkrupp decision.

Notably, in Ekpo v. Playa Mgmt. United States, LLC, No. 1:21-CV-2089-TWT, 2023 U.S. Dist. LEXIS 82445, at *1 (N.D. Ga. May 11, 2023), an action in which the Plaintiff alleged to have sustained injuries at the Rose Hall Resort and sued both Hyatt and Playa, the District Court upheld the validity of the identical forum selection clause signed by the Plaintiff. For the reasons stated below, there is no reason for this Court to depart from Ekpo here regarding the same clause.

### i) The Clause Was Reasonably Communicated

A forum selection clause is "reasonably communicated" where "it is stated in clear and unambiguous terms and appears in standard font in the text of the contract." Du Quenoy v. American University of Beirut, 2019 U.S. Dist. LEXIS 167165 at *9 (citing Krys v. Sugrue, 2009 U.S. Dist. LEXIS 130683 at *27 (S.D.N.Y. Nov. 16, 2009)).

---

[8] Although Hyatt bears no affiliation to the Rose Hall Resort or "Hyatt Ziva Rose Hall," it is entitled to avail itself of Plaintiff's forum selection. "[A] forum selection clause in a contract encompasses claims made against a non-signatory where (1) those claims are nearly identical to the claims against the signatory, (2) [the claims] arise out of the same transaction . . . , and (3) the non-signatory consents to the foreign jurisdiction." Horvath v. Banco Comercial Portugues, S.A., 461 F. App'x 61, 63 (2d Cir. 2012). Here, elements (1) and (2) are satisfied by the Verified Complaint alone. See Pillarella Dec. Exh. A at ¶¶ 24-27. Element (3) is satisfied by Ms. Urbanski's consent, on behalf of Hyatt, "to the jurisdiction of the appropriate courts of Jamaica for the resolution of this matter and, to the extent applicable, [] to waive any statute of limitations defense(s) . . . ." See Pillarella Dec. Exh. B at ¶ 16.

Here, the relevant agreement contains a boldface, all-caps heading reading, "NOTICE TO GUEST." See Pillarella Dec. Exh. C at Exh. A. Below the heading, the agreement clearly and unambiguously reads, in pertinent part, "any incident, complaint, demand, claim or legal proceeding shall be submitted to the exclusive jurisdiction of the Jamaican courts and subject to Jamaican laws and regulations." Id. This language is not "fine print" and appears in the identical typeface, font, and size as each other provision of the agreement. Id. Nonetheless, the Second Circuit has upheld the validity of otherwise "clear and unambiguous language – albeit in fine print." See Effron v. Sun Line Cruises, 67 F.3d 7, 9 (2d Cir. 1995). Below this language appears Plaintiff's printed name and signature without objection. Id.

As such, the relevant clause was stated in clear and unambiguous terms in the standard font in the text of the contract and therefore reasonably communicated.

### ii)    The Clause Is Mandatory And Not Merely Permissive

"A forum selection clause is viewed as mandatory when it confers exclusive jurisdiction on the designated forum or incorporates obligatory venue language." Phillips v. Audio Active, Ltd., 494 F.3d at 386.

Here, the relevant agreement does both: "[A]ny incident, complaint, demand claim or legal proceeding shall be submitted to the exclusive jurisdiction of the Jamaican courts . . . ." See Pillarella Dec. Exh. C at Exh. A; compare Phillips, 494 F.3d at 386 ("The parties' use of the phrase 'are to be brought' establishes England as an obligatory venue for proceedings . . . ."); Du Quenoy, 2019 U.S. Dist. LEXIS at *11 ("The parties' use of the phrase 'shall be governed exclusively by the Republic of Lebanon' and 'shall be subject to the exclusive jurisdiction of the courts of the Republic of Lebanon located in Beirut' establish the courts of Beirut, Lebanon as the obligatory venue for proceedings within the scope of the clause.").

### iii)    The Clause Covers The Claims And Parties Involved

"[W]hen ascertaining the applicability of a contractual provision to particular claims, we examine the [factual] substance of those claims, shorn of their labels." Phillips, 494 F.3d at 388.

Shorn of labels, the agreement specifies: "By signing this document, you hereby acknowledge and agree . . . that all services provided at the Hotel are subject to applicable laws and regulations in Jamaica. As a result, any incident, complaint, demand, claim or legal proceeding shall be submitted to the exclusive jurisdiction of the Jamaican courts and subject to Jamaican laws and regulations." See Pillarella Dec. Exh. C at Exh. A (emphasis added). The crux of Plaintiff's claim is that Defendants negligently performed "maintenance, inspection, and repair" services at the Rose Hall Resort, culminating in her slip and fall "due to a dangerous and hazardous condition existing thereat." See Pillarella Dec. Exh. A at ¶¶ 16, 23, 24. Thus, Plaintiff's claim is readily encompassed within the broad language of the forum selection clause.

Given all of the foregoing, Plaintiff's forum selection is presumptively enforceable.

### B.    Plaintiff Cannot Rebut the Presumption of Enforceability

Where, as here, "[t]he forum selection clause was communicated to the resisting party, has mandatory force, and covers the claims and parties involved in the dispute, it is presumptively enforceable[,] [and] [t]he fourth, and final, step is to ascertain whether the resisting party has rebutted the presumption of enforceability by making a sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for reasons such as fraud or overreaching."[9] Phillips, 494 F.3d at 383-84.

---

[9] Stated differently, "[T]he Plaintiff's agreement to a valid forum-selection clause means that [] private interest factors weigh entirely in favor of the preselected forum, and the Court must weigh only [] public interest factors. Accordingly, the Court will afford the forum-selection clause controlling weight unless the Plaintiff can demonstrate that exceptional circumstances with regard to public interest warrant otherwise." Ekpo, 2023 U.S. Dist. LEXIS at *8 (citing Atlantic Marine Construction Co. v. U.S. District Court for the Western District of Texas, 571 U.S. 49 63-64 (2013)).

"This exception to enforceability is interpreted narrowly, rendering forum selection clauses unreasonable only: (1) if their incorporation into the agreement was the result of fraud or overreaching; (2) if the complaining party will for all practical purposes be deprived of his day in court, due to the grave inconvenience or unfairness of the selected forum; (3) if the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) if the clauses contravene a strong public policy of the forum state." S.K.I. Beer Corp. v. Baltika Brewery, 612 F.3d 705, 711 (2d Cir. 2010) (citing Rody v. Corp. of Lloyd's, 996 F.2d 1353, 1363 (2d Cir. 1993)).

No factor weighs in Plaintiff's favor.

### i)    There Was No Fraud Or Overreaching

By virtue of the fact that the forum selection clause was reasonably communicated to Plaintiff and signed by her without objection, there can be no fraud or overreaching by definition.

Moreover, the mere fact that the relevant agreement was executed overseas says nothing of whether Plaintiff was "fraudulently induced into agreeing to the forum selection." Roby, 996 F.2d at 1363. Were it otherwise, no contract executed overseas would ever be enforceable.

### ii)    Plaintiff Will Not Be Practically Deprived of Her Day In Court

To be practically deprived of her day in court, it must be the case that litigating the action in Jamaica would amount to "grave inconvenience" or that Jamaican courts are "fundamentally unfair." S.K.I. Beer Corp., 612 F.2d at 711.

Plaintiff has no good-faith basis to argue that litigating in Jamaica will amount to "grave inconvenience," given that she has already found Jamaica convenient enough for travel. Compare Rody, 996 F.2d at 1363 (holding London not "gravely inconvenient for the [plaintiffs] to litigate in" where "they [] found it convenient enough to travel there for [] mandatory interviews"); Du

Quenoy, 2019 U.S. Dist. LEXIS at*21-22 (nationwide "political unrest" did not make litigation in Lebanon "gravely inconvenient").

On the contrary, the only parties gravely inconvenienced are Defendants, who are forced to defend this action in New York despite the fact that all of the relevant transactions and occurrences occurred in Jamaica; all evidence, potential witnesses, and potential third-party defendants are located in Jamaica; and the injuries were sustained in Jamaica. Compare Ekpo, 2023 U.S. Dist. LEXIS at *8-9 (enforcing underlying forum selection clause where "Plaintiff sustained his injury while in Jamaica and many, if not all of the witnesses are therefore outside of this Court's subpoena power").

Nor can Plaintiff argue that Jamaican courts are "fundamentally unfair." First, both this Court and the Southern District of New York have already found Jamaica to be an adequate forum. See Seales v. Panamanian Aviation Co., No. CV-07-2901(CPS)(CLP), 2008 U.S. Dist. LEXIS 14429, at *1 (E.D.N.Y. Feb. 25, 2008); Guimond v. Wyndham Hotels, 95 Civ. 0428 (JFK), 1996 U.S. Dist. LEXIS 7255, at *1 (S.D.N.Y. May 28, 1996). Second, as Ms. Danielle Archer, Defendants' Jamaican law expert, articulates in her annexed Declaration, Jamaican courts readily possess jurisdiction over this dispute and are more than capable of providing potential remedies for the claims asserted in the Verified Complaint. See Pillarella Dec. Exh. D (the "Archer Declaration").

### iii)     Jamaican Law Is Not Fundamentally Unfair

By the same token, it is not the case that Jamaican law is "fundamentally unfair." To the contrary, as Ms. Archer articulates, Jamaica provides Plaintiff with a negligence-based claim against Defendants, and its Occupier's Liability Act ("OLA") permits compensatory damages,

pain and suffering, loss of amenities, handicap on the labor market, future loss of earnings, and future medical expenses.  See id.

### iv)     Enforcement Does Not Contravene New York's Public Policy

"As a threshold matter, New York has a strong public policy of *enforcing* forum selection clauses so that parties are able to rely on the terms of the contracts they make." Brodsky v. Match.com LLC, 2009 U.S. Dist. LEXIS 101167 *12 (S.D.N.Y. Oct. 28, 2009) (emphasis in original); see also id. at 12-13 (collecting cases).  This is no less true in tort cases, for "[t]he applicability of a forum selection clause does not depend on the nature of the underlying action." Couvertier v. Concourse Rehabilitation & Nursing, Inc., 117 A.D.3d 772, 773, 985 N.Y.S.2d 683, 684 (2d Dep't 2014).  Rather, "[f]oreign-based rights should be enforced unless the judicial enforcement of such a contract would be the approval of a transaction which is inherently vicious, wicked or immoral, and shocking to the prevailing moral sense." Intercontinental Hotels Corp. v. Golden, 15 N.Y.2d 9, 13, 254 N.Y.S.2d 527, 529 (1964) (emphasis added).

As already demonstrated, there is nothing "inherently vicious" or "wicked or immoral" here.  Simply, "the Jamaican courts have a stronger interest in the outcome of litigation involving a popular Jamaican resort than an American court does." Ekpo, 2023 U.S. Dist. LEXIS at *9. Accordingly, under *forum non conveniens* doctrine, this action appropriately should be dismissed.

# POINT III

## EVEN WITHOUT THE FORUM SELECTION CLAUSE, THE PRIVATE INTEREST FACTORS FAVOR DISMISSAL ON *FORUM NON CONVENIENS* GROUNDS

Even absent the forum selection clause, dismissal is warranted on *forum non conveniens* grounds because each of the doctrine's private interest factors weighs in Defendants' favor.[10] The Court need look no further than Ms. Utpaul's Declaration to determine as much.

The Court has broad discretion to dismiss an action on *forum non conveniens* grounds where the doctrine's "private interest factors" likewise justify dismissal. As articulated in Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1946), these factors include: (1) the relative ease of access to sources of proof; (2) availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; (3) possibility of view of the premises, if view would be appropriate to the action; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. Each weighs in Defendants' favor here.

As to (1), Ms. Utpaul confirms that all witnesses are located in Jamaica and that treatment was initially rendered in Jamaica. Daniel Boreland, a Rose Hall employee, witnessed Plaintiff's fall and rendered assistance; Plaintiff subsequently spoke with Robert Kaplan, a Rose Hall loss prevention officer; Nurse Semone McDonald, also a Rose Hall employee, initially rendered aid; and Plaintiff was thereafter taken to Hospiten Montego Bay Hospital, where she received treatment. See Pillarella Dec. Exh. C at ¶ 11. Notably, in cases concerning personal injuries occurring at foreign resorts, federal courts repeatedly have held the "access to proof" factor favors the situs of the resort. See, e.g., Guimond v. Wyndham Hotels, 95 Civ. 0428 (JFK), 1996 U.S. Dist. LEXIS 7255, at *1 (S.D.N.Y. May 28, 1996) 1996 U.S. Dist. LEXIS 7255, *9-10 (S.D.N.Y.

---

[10] Note the Public-Interest Factors have already been analyzed and satisfied above.

May 28, 1996) ("access to proof" factor satisfied where "[t]he witnesses to Plaintiff's accident who have thus far been identified, as well as hospital workers who treated her immediately following the accident, are located in Jamaica.").

Factor (2) weighs in Defendants' favor by the same token. Because the witnesses identified thus far are located in Jamaica and not parties to the action, they are beyond the Court's subpoena power. See Pillarella Dec. Exh. B, ¶ 11. Likewise, should discovery reveal that the negligence of a third-party contributed to the happening of the accident, Defendants' will be unable to implead such entities or individuals should they be Jamaica-based. See Guimond, 1996 U.S. Dist. LEXIS at *10 ("compulsory process" factor satisfied where "witnesses who have been identified … reside[d] in Jamaica").

As to (3), should a jury desire to view the premises, it would have to incur the cost and expense of traveling to Montego Bay, Jamaica. As this is a premises liability action, a view of the premises may well prove helpful to the fact-finder.

Accordingly, even absent a binding forum selection clause, the private interest factors weigh in Defendants' favor, warranting dismissal.

## CONCLUSION

For the foregoing reasons, this Court should dismiss Plaintiff's Verified Complaint in full: (i) on grounds of lack of personal jurisdiction over Defendants; or, alternatively (ii) on grounds of the forum-selection clause; or, alternatively (iii) on the ground of the common-law *forum non conveniens* doctrine; and this Court should order such other and further relief as it deems appropriate.

Dated:       New York, New York
              June 22, 2023

                      Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
*Attorneys for Defendants*
HYATT HOTELS CORPORATION and
HYATT ZIVA ROSE HALL
77 Water Street, Suite 2100
New York, NY 10005
212.232.1300 (P)
212.232.1399 (F)

By:     *Dean L. Pillarella*

           Dean L. Pillarella, Esq.
           James. M. Strauss, Esq.
           *dean.pillarella@lewisbrsibois.com*
           *james.strauss@lewisbrisbois.com*

*Via e-mail and ECF/Pacer to all parties.*