UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
INA KAPLAN,

                          Plaintiff,

  -against-                                    Case No. 1:23-cv-02598-MLB-ST

HYATT HOTELS CORPORATION and
HYATT ZIVA ROSE HALL,


                          Defendants.
------------------------------------------------------------X


## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS HYATT HOTELS CORPORATION AND HYATT ZIVA ROSE HALL'S MOTION TO DISMISS

                                      **LEWIS BRISBOIS BISGAARD & SMITH, LLP**
                                      *Attorneys for Defendants*
                                      HYATT HOTELS CORPORATION
                                      HYATT ZIVA ROSE HALL
                                      77 Water Street, Suite 2100
                                      New York, NY 10005
                                      212.232.1300 (P)
                                      212.232.1399 (F)

Dean L. Pillarella, Esq.
James M. Strauss, Esq.
*On the brief*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................ 1

ARGUMENT .............................................................................................................. 2

    POINT I    *DAIMLER* AND *GOODYEAR* MAKE CLEAR THAT GENERAL JURISDICTION IS LACKING ............................................................. 2

    POINT II    PLAINTIFF ALTOGETHER IGNORES CPLR 302's "ARISING FROM" INQUIRY, ALONG WITH THE PANOPLY OF CASES REJECTING HER EXACT ARGUMENTS ............................................................ 4

    POINT III    PLAINTIFF'S BINDING FORUM SELECTION WAS NOT INDUCED BY FRAUD OR OVERREACHING ..................................................... 6

    POINT IV    NO PRIVATE INTEREST FACTOR WEIGHS IN PLAINTIFF'S FAVOR ............................................................................................................ 8

CONCLUSION ........................................................................................................... 9

# TABLE OF AUTHORITIES

**Federal Cases:**

Bain v. Paradise Beach Corp. Pan.,
   2018 U.S. Dist. LEXIS 212084 (E.D.N.Y. Dec. 17, 2018) ................................................. 5

BNSF Railway Co. v. Tyrrell,
   581 U.S. 402 (2017) .............................................................................................................. 3, 4

Cleveland v. Kerzner Int'l Resorts, Inc.,
   657 Fed. Appx. 924 (11th Cir. 2016) ......................................................................................... 8

Daimler AG v. Bauman,
   571 U.S. 117 (2014) .......................................................................................................... 2, 3, 4

DeLorenzo v. Viceroy Hotel Grp.,
   LLC, 757 F. App'x. 6 (2d Cir. 2018) .......................................................................................... 5

Du Quenoy v. American University of Beirut,
   2019 U.S. Dist. LEXIS 167165 (S.D.N.Y. Sept. 27, 2019) ...................................................... 6

Goodyear Dunlop Tires Operations, S.A. v. Brown,
   564 U.S. 915 (2011) .......................................................................................................... 2, 3, 4

Palmer v. Cora Italian Specialties, Inc.,
   2022 U.S. Dist. LEXIS 39935 (N.D.N.Y Mar. 07, 2022) ........................................................ 6

Perkins v. Benguet Consolidating Mining Co.,
   342 U.S. 437 (1952) .............................................................................................................. 3, 4

Phillips v. Audio Active Ltd.,
   494 F.3d 378 (2d Cir. 2007) ....................................................................................................... 7

Pivar v. Museum,
   2022 U.S. Dist. LEXIS 54401 (S.D.N.Y. Mar. 25, 2022) ........................................................ 8

Sun Tr. Bank v. Sun Intl. Hotels, Ltd.,
   184 F. Supp 2d 1246 (SD Fla 2001) .......................................................................................... 7

Tufts v. Corporation of Lloyd's,
   981 F. Supp. 808 (S.D.N.Y. 1996), aff'd, 128 F.3d 793 ............................................................ 7

Williams v. Holiday Inn Club Vacations,
   2020 U.S. Dist. LEXIS 193005 (D. Vt. Mar. 9, 2020) .............................................................. 7

**State Cases:**

Arroyo v. Mountain School,
 68 A.D.3d 603 (1st Dep't 2009) ............................................................................ 4

Di Ruocco v. Flamingo Beach Hotel & Casino, Inc.,
 163 A.D.2d 270 (2d Dep't 1990) ........................................................................... 7

Johnson v. Ward,
 4 N.Y.3d 516 (2005) .............................................................................................. 4

Molino v. Sagamore,
 105 A.D.3d 922 (2d Dep't 2013) ........................................................................... 7

Pichardo v. Zayas,
 122 A.D.3d 699 (2d Dep't 2014) ........................................................................... 5

Stern v. Four Points by Sheraton Ann Arbor Hotel,
 133 A.D.3d 514 (1st Dep't 2015) .......................................................................... 5

Zeidan v. Scott's Development Co.,
 173 A.D.3d 1639 (4th Dep't 2019) ........................................................................ 5

**Statutes:**

N.Y. Civil Practice Law and Rules ("CPLR") § 302 ................................................ passim

CPLR § 302(a)(1) .............................................................................................. 4, 5, 6

CPLR § 302(a)(2) ..................................................................................................... 5

CPLR § 302(a)(3) ..................................................................................................... 5

CPLR § 302(a)(4) ..................................................................................................... 5

Fed. R. Civ. P. 12(b)(2) ............................................................................................ 1

## PRELIMINARY STATEMENT

Defendants Hyatt Hotels Corporation ("Hyatt") and Hyatt Ziva Rose Hall respectfully submit this Reply Memorandum of Law in further support of their Motion: (i) pursuant to Fed. R. Civ. P. 12(b)(2), to dismiss Plaintiff's Verified Complaint for lack of personal jurisdiction; or (ii) alternatively, if personal jurisdiction over Defendants is found to exist, to dismiss Plaintiff's Verified Complaint based on Ms. Kaplan's signed agreement containing a mandatory jurisdictional clause which obligates her to bring any claims asserted against Defendants in the courts of Jamaica; or (iii) alternatively, to dismiss under the common-law doctrine of *forum non conveniens*.

Plaintiff's opposition papers do nothing to defeat the lack of personal jurisdiction. In their opening papers, Defendants cited myriad directly applicable Second Circuit, Eastern and Southern District, and Appellate Division cases that dismissed identical lawsuits on personal jurisdiction grounds where a plaintiff, just like Ms. Kaplan, is injured at a hotel in a foreign country and sues non-domiciliary defendants in New York despite there being no substantial relationship to any New York contacts. Notably, Plaintiff's opposition papers fail to reference a single one of these myriad cases cited by Defendants, thus tacitly acknowledging that personal jurisdiction does not lie here.

As discussed below, general jurisdiction over Defendants is lacking because neither Defendant is incorporated in New York, has a principal place of business in New York, or is otherwise "essentially at home" in New York. Specific jurisdiction is lacking under CPLR § 302 because, as a matter of law and per the Verified Complaint, each element of Plaintiff's negligence claims arose exclusively in Jamaica, with no connection to any conduct engaged in New York. A slip-and-fall abroad provides a paradigmatic example of the lack of CPLR § 302 jurisdiction.

1

Equally without merit are Plaintiff's arguments regarding the binding forum selection clause, which she nowhere disputes she signed. Rather than put in any affidavit to challenge the forum selection clause, Plaintiff tries to defeat the binding nature of her agreement by exclusively citing to Southern District of Florida decisions, rather than a single Second Circuit precedent. As discussed below, courts within the Second Circuit and New York State consistently have held that a presumptively valid forum selection clause will not be disregarded for fraud or overreaching absent evidence that "the inclusion of that clause in the contract was the product of fraud or coercion." Plaintiff submits no sworn statement at all in opposition, let alone one demonstrating as much.

Lastly, regarding common law *forum non conveniens*, Plaintiff's opposition papers fail to demonstrate that any private interest factor weighs in her favor. Plaintiff has no answer at all to Defendants' arguments, so she resorts to misstating the record evidence before the Court. To that point, Plaintiff's representations that she is the "only" witness to the underlying accident and received medical treatment "exclusively" in New York are belied by both the guest statement annexed to her own submissions and Panna Utpaul's Declaration. Plaintiff otherwise declines to discuss any other private interest factor.

Accordingly, Defendants' Motion should be granted in its entirety and the action dismissed.

### ARGUMENT

#### POINT I

##### *DAIMLER* AND *GOODYEAR* MAKE CLEAR THAT GENERAL JURISDICTION IS LACKING

In an attempt to demonstrate general jurisdiction, Plaintiff improperly cites a glut of 1960's and 1970's precedents that have since been overruled by Daimler AG v. Bauman, 571 U.S. 117

2

(2014), and Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915 (2011). Simply stated, Plaintiff's "Hyatt does business in New York" argument is no longer the law of general jurisdiction.

Daimler and Goodyear make clear that a Court may not exercise general jurisdiction over Defendants absent "continuous and systematic" contacts rendering them "essentially at home" in New York. "[T]he place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction.'" Daimler, 571 U.S. at 137 (citation omitted). The Court need look no further than the Verified Complaint's allegations to see that neither Defendant is incorporated in nor has a principal place of business in New York. See also Pillarella Opening Dec. at Exh. A, ¶¶ 2-5.

That Hyatt is said to "own[], operate[], and manage[] over five hundred (500) hotels within the State of New York" (see Marano Mem. of Law, p. 5) does not otherwise render it "essentially at home" in New York.[1] In BNSF Railway Co. v. Tyrrell, 581 U.S. 402, 414 (2017), for example, the Supreme Court found the defendant's "2,000 miles of railroad track and more than 2,000 employees" in Montana insufficient to confer general jurisdiction absent incorporation or a principal place of business in Montana. Plaintiff – who has not submitted any sworn statement in opposition – presents no "exceptional case" to warrant departure from Daimler and Goodyear's paradigm bases here.

The only case to ever find a corporation "essentially at home" in a state in which the corporation was not incorporated or had a principal place of business was Perkins v. Benguet

---

[1] As stated in Defendants' initial submissions, "Hyatt Ziva Rose Hall," is not a legal or suable entity "but, rather, merely the trade name for the Rose Hall Resort." Pillarella Opening Dec., Exh. B, ¶10. The Rose Hall Resort's owner is not named in this action. Further, Hyatt does not own, operate, manage, or franchise the hotel, nor does it have any connection whatsoever to the non-party hotel owner. Id. at Exh. B, ¶¶11-12.

3

Consolidating Mining Co., 342 U.S. 437 (1952) – a case string-cited at p. 15 of Plaintiff's Opposition Memo and referenced in Daimler. In Perkins a Philippines corporation relocated to Ohio as a result of Japan's occupation of the Philippines during World War II. Id. at 447. The corporation established a temporary office in Ohio, where it maintained files and exclusively managed the company's activities. Id. at 447-448. Under this unique circumstance, the Supreme Court held Ohio effectively served as a "surrogate for the place of incorporation or head office." Id. at 130 n. 8. Nothing even approaching that unique circumstance is alleged in the Verified Complaint, let alone proven by Plaintiff's submissions.

Absent as much, Daimler, Goodyear, and BNSF foreclose the application of general jurisdiction on this record.

## POINT II

## PLAINTIFF ALTOGETHER IGNORES CPLR 302's "ARISING FROM" INQUIRY, ALONG WITH THE PANOPLY OF CASES REJECTING HER EXACT ARGUMENTS

By Plaintiff's wishful thinking, CPLR § 302(a)(1) confers jurisdiction upon any entity that transacts business in New York and nothing more. This is not the law. CPLR § 302's plain text and the panoply of cases interpreting CPLR § 302(a)(1) require not only that an entity transact business in New York, but also that the Plaintiff's claim "arise from" the transaction – i.e., "a substantial relationship ... between a defendant's transactions in New York and a plaintiff's cause of action." Johnson v. Ward, 4 N.Y.3d 516, 519 (2005); see also Arroyo v. Mountain School, 68 A.D.3d 603, 604 (1st Dep't 2009) ("even if defendants transacted business within New York, plaintiff's injury and the tort action based on it cannot be said to have arisen directly out of [any such] transaction") (citation and quotation omitted). Plaintiff addresses the "transacting business"

4

prong of CPLR § 302(a)(1) while saying nothing of CPLR § 302's "arising from" prong. Her silence speaks for itself.[2]

Pichardo v. Zayas, 122 A.D.3d 699, 700-702 (2d Dep't 2014), is instructive. There, the Plaintiff negotiated and executed an employment contract with the Defendant <u>while physically present at the defendant's premises in New York</u>. Despite this apparent transaction of business in New York and the defendant's ownership of property in New York for decades,[3] the Appellate Division rejected CPLR § 302(a)(1)'s application because the plaintiff's premises liability claims arose from the defendant's failure to provide a safe workplace in New Jersey. Here, Plaintiff alleges even less while advancing an identical theory of liability.

The distinction between active and passive websites says nothing of the "arising from" inquiry. In DeLorenzo v. Viceroy Hotel Grp., LLC, 757 F. App'x. 6 (2d Cir. 2018), for example, the Second Circuit found the Plaintiff's booking her reservation in New York, through the hotel's interactive website insufficient to confer jurisdiction, holding that her "claims ar[ose] not out of [a] hotel contract . . . but rather out of an alleged sexual assault in Anguilla." Similarly, in Bain v. Paradise Beach Corp. Pan., 2018 U.S. Dist. LEXIS 212084, *4 (E.D.N.Y. Dec. 17, 2018), this Court found it irrelevant that the plaintiff booked her hotel reservation in New York through Hotwire, since "<u>the in-state activity of booking a hotel is too remote from negligence alleged to have taken place at a foreign hotel to satisfy CPLR 302</u>." Equally apt is Stern v. Four Points by Sheraton Ann Arbor Hotel, 133 A.D.3d 514, 514 (1st Dep't 2015), where the Appellate Division

---

[2] Plaintiff exclusively relies upon CPLR § 302(a)(1) and does not argue jurisdiction otherwise exists via CPLR §§ 302(a)(2), (3), or (4).

[3] That Hyatt "undoubtedly maintain[s] hotels throughout the State of New York" (Marano Mem. of Law, p. 10), is equally irrelevant, as Plaintiff's claims arose exclusively at a hotel in Jamaica. Compare Zeidan v. Scott's Development Co., 173 A.D.3d 1639, 1640 (4th Dep't 2019) (CPLR 302 inapplicable "[a]lthough plaintiffs alleged that defendant [] own[ed] property in New York" absent any "indication in the record that such ownership gave rise to plaintiffs' allegations of negligence [in]. . . Pennsylvania").

5

likewise found the defendant's participation in an interactive website "too remote" to support the exercise of CPLR § 302(a)(1) jurisdiction where, as here, the plaintiff's claims arose from a slip-and-fall out-of-state.[4]

Plaintiff has no answer to these precedents but to eschew the "arising from" inquiry altogether. Yet each case cited above and in Defendants' initial Memorandum makes clear that, regardless of the manner in which Plaintiff booked her reservation at the Rose Hall Resort – whether through an interactive website in New York or an agent in New York – her claims do not "arise from" any of CPLR 302's enumerated acts as a matter of law. Rather, the Verified Complaint makes clear that each element of Plaintiff's negligence claims arose exclusively in Jamaica, where Defendants are said to have owed and breached the duty to "maintain, inspect, and repair the [] subject premises." See Pillarella Opening Dec., Exh. A, ¶16. Accordingly, specific jurisdiction over Defendants simply does not lie.

## POINT III

### PLAINTIFF'S BINDING FORUM SELECTION WAS NOT INDUCED BY FRAUD OR OVERREACHING

Plaintiff does not contest the presumptive validity of her binding forum selection, nor does she contest that "[a] valid forum selection clause is given controlling weight in all but the most exceptional cases." Du Quenoy v. American University of Beirut, 2019 U.S. Dist. LEXIS 167165, *7-8 (S.D.N.Y. Sept. 27, 2019). Rather, absent any direct testimony via affidavit, she argues only that the presumption is overcome by "fraud or overreaching" because she "was clearly not given

---

[4] Plaintiff's wholesale reliance upon Palmer v. Cora Italian Specialties, Inc., 2022 U.S. Dist. LEXIS 39935 (N.D.N.Y Mar. 07, 2022), a products liability case, fares no better. There, the plaintiff sustained injuries in New York, where the defendant's pasta machine allegedly malfunctioned. The district court permitted jurisdictional discovery on the "transaction of business" question because the plaintiff alleged the defendant "regularly shipped pasta machines into New York." Id. at *12. The exact opposite is the case here: Plaintiff does not allege to have sustained injuries in New York as a result of a defective condition in New York but, rather, injuries in Jamaica as a result of a defective condition in Jamaica.

any prior notice or warning that, upon arrival in Jamaica, she would be required to surrender her rights . . ."[5] See Marano Mem. of Law, p. 20. This is not the law of this Circuit or New York State, and Plaintiff's reliance exclusively upon Southern District of Florida decisions for the proposition also speaks for itself.

Indeed, the Second Circuit has not followed the Southern District of Florida's "strict prior notice" approach to the "fraud or overreaching" inquiry. In the Southern District of Florida, foreign defendants are purportedly required to provide notice of a forum selection clause "at the time [] guests make their reservations[] or . . . some time before [guests] travel to the[ir] [destinations]." Sun Tr. Bank v. Sun Intl. Hotels, Ltd., 184 F. Supp 2d 1246, 1261 (S.D. Fla. 2001). In contrast, in the Second Circuit, "[p]laintiffs must demonstrate specifically that 'the inclusion of that clause in the contract was the product of fraud or coercion.'" Tufts v. Corporation of Lloyd's, 981 F. Supp. 808, 812 (S.D.N.Y. 1996) (emphasis in original; citation omitted), aff'd, 128 F.3d 793. Plaintiff neither pleads nor alleges as much in a sworn statement. Compare Williams v. Holiday Inn Club Vacations, 2020 U.S. Dist. LEXIS 193005, *23 (D. Vt. Mar. 9, 2020) (finding no fraud or overreaching where "Plaintiffs d[id] not allege that Defendants ... 'made affirmative representations to Plaintiffs with respect to [] choice clauses'").

New York's courts also have declined to follow the "strict prior notice" approach. In Molino v. Sagamore, 105 A.D.3d 922, 923 (2d Dep't 2013), the Appellate Division held: "the fact that the Rental Agreement containing the forum selection clause was presented to the plaintiffs at registration and was not the product of negotiation does not render it unenforceable." The Southern District of New York recently cited Molino for the proposition that "the fact that the parties did

---

[5] Notably, Plaintiff does not otherwise argue that she will be "practically deprived of her day in court," that Jamaican law is "fundamentally unfair," or that enforcement would "contravene New York's public policy." Compare Phillips v. Audio Active Ltd., 494 F.3d 378, 383-384 (2d Cir. 2007).

7

not negotiate the terms of the agreement does not render it unenforceable." Pivar v. Museum, 2022 U.S. Dist. LEXIS 54401, *8 (S.D.N.Y. Mar. 25, 2022). Molino itself cited Di Ruocco v. Flamingo Beach Hotel & Casino, Inc., 163 A.D.2d 270 (2d Dep't 1990), where the plaintiff signed a forum selection clause only upon arrival at the Island of Bonaire. There, too, the Appellate Division rejected the notion that the agreement was the product of fraud or overreaching or otherwise violative of New York's public policy. Plaintiff presents no compelling factual or policy basis to fashion a novel rule of law here.

Notwithstanding, even applying the Southern District of Florida-specific rule here, Plaintiff fails to demonstrate that her forum selection was the product of fraud or overreaching. In Cleveland v. Kerzner Int'l Resorts, Inc., 657 Fed. Appx. 924, *926 (11th Cir. 2016), the Eleventh Circuit held the plaintiffs' forum selection clause, signed only upon arrival at a Bahamas hotel, was enforceable absent any allegation that "they attempted to strike out the clause and were told they could not check in unless they adhered to it, nor that they even asked whether they could do so." As in Cleveland, Plaintiff presents no such testimony nor any sworn statement at all. Absent as much, Plaintiff cannot to demonstrate fraud or overreaching by any standard.

As Plaintiff fails to rebut the presumptive validity of her binding forum selection, the action is appropriately dismissed.

## POINT IV

## NO PRIVATE INTEREST FACTOR WEIGHS IN PLAINTIFF'S FAVOR

In opposition to Defendants' common law *forum non conveniens* argument, Plaintiff misleadingly states that she "was the only witness to this accident[,] and [] the medical treatment [she] received [as a] result of this accident all took place within the confines of New York." Marano Mem. of Law, p. 23 (emphasis added). Not so. This is the sole argument Plaintiff presents with

respect to common law *forum non conveniens*. Indeed, Plaintiff's lack of opposition is a tacit admission that the public-interest factors favor Jamaica and that Jamaica is an adequate and available forum. Indeed, Plaintiff fails to submit any rebuttal foreign-law expert to contest Danielle Archer's opinions. This alone is grounds to grant Defendants' motion for *forum non conveniens*.

Plaintiff's limited response focuses solely on the private-interest factors and unabashedly ignores the guest statement annexed to her own submissions, along with Panna Utpaul's Declaration. The guest statement, prepared by Plaintiff's husband on the date of accident, identifies both Plaintiff's husband and "Daniel Boreland" as witnesses. See Marano Dec., Ex. B. It also provides that the accident was reported to "loss prevention." Id. Panna Utpaul further avers: (i) "Daniel Boreland witnessed Plaintiff's fall and rendered assistance on the scene"; (ii) "Nurse Semond McDonald thereafter rendered aid at the Rose Hall Resort's medical quarters and referred Plaintiff to the Hospiten Montego Bay Hospital"; and (iii) that "after her fall, a Rose Hall loss prevention officer spoke with Plaintiff and her husband, Robert Kaplan, regarding the incident." See Pillarella Opening Dec., Exh. C, ¶ 11. Plaintiff presents no sworn statement to the contrary.

Accordingly, the location of the witnesses, evidence, and "ease of access" factors abundantly weighs in Defendants' favor. Further, as Plaintiff makes no other argument with respect to common law *forum non conveniens*, dismissal is appropriate even absent the forum selection clause and the patent lack of personal jurisdiction.

## CONCLUSION

As Plaintiff fails to present any factual or legal basis to avoid dismissal, Defendants' Motion should be granted in its entirety and the action dismissed.

Dated:   New York, NY
         July 14, 2023

                                        Respectfully submitted,

                                        **LEWIS BRISBOIS BISGAARD & SMITH, LLP**
*Attorneys for Defendants*
HYATT HOTELS CORPORATION and
HYATT ZIVA ROSE HALL
77 Water Street, Suite 2100
New York, NY 10005
212.232.1300 (P)
212.232.1399 (F)

By:   *Dean L. Pillarella*
      Dean L. Pillarella, Esq.
      James M. Strauss, Esq.
      *dean.pillarella@lewisbrisbois.com*
      *james.strauss@lewisbrisbois.com*

*Via e-mail and ECF/Pacer to all parties.*