**EXHIBIT "A"**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------------X
INA KAPLAN,                                                                                          Case #:

                              *Plaintiff,*

              - *against* -                                                                       **VERIFIED COMPLAINT**

HYATT HOTELS CORPORATION and
HYATT ZIVA ROSE HALL,                                                             **PLAINTIFF DEMANDS**
                                                                               **A TRIAL BY JURY**
                              *Defendants*.
------------------------------------------------------------------------------X

       Plaintiff, **INA KAPLAN**, complaining of the Defendants, **HYATT HOTELS CORPORATION** and **HYATT ZIVA ROSE HALL**, by her attorneys, **DELL & DEAN, PLLC**, alleges upon information and belief as follows:

## JURISDICTION AND VENUE

       1.     At all times hereinafter mentioned, Plaintiffs, **INA KAPLAN,** was and still is a resident of the State of New York, residing at 29 Coventry Road, Syosset, County of Nassau, State of New York.

       2.     Upon information and belief, Defendant, **HYATT HOTELS CORPORATION,** was and still is a domestic corporation, foreign corporation or other legal entity duly organized and existing under and by virtue of the laws of the State of Illinois.

       3.     Upon information and belief, at all times herein mentioned, Defendant, **HYATT HOTELS CORPORATION** is maintaining a principal place of business at 150 N Riverside Plaza, Chicago, State of Illinois.

       4.     Upon information and belief, Defendant**, HYATT ZIVA ROSE HALL,** was and still is a domestic corporation, foreign corporation or other legal entity duly organized and existing under and by virtue of the laws of the country of Jamaica.

       5.     Upon information and belief, at all times herein mentioned, Defendant**, HYATT**

**ZIVA ROSE HALL,** is maintaining a principal place of business at Rose Hall Road, A1, Montego Bay, Jamaica.

6. That the amount in controversy exceeds in the sum of $150,000.00 exclusive of costs and interest.

7. Jurisdiction is properly had over this matter pursuant to 28 U.S.C. 1332 since the parties are citizens of diverse states and countries, and the amount in controversy exceeds the sum of **SEVENTY FIVE THOUSAND ($75,000.00) DOLLARS**.

8. Venue is properly placed in the United States District Court for the Eastern District of New York since the Plaintiff resides within that district and that district is the most convenient for this action to be tried.

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF INA KAPLAN

9. At all times hereinafter mentioned, the premises known as Rose Hall Road, A1, Montego Bay, Jamaica, specifically, Building 3, second floor, included the common areas thereat.

8. This action falls within one or more of the exceptions set forth in CPLR § 1602.

10. Defendant, **HYATT HOTELS CORPORATION** is the owner of the premises whose main office is located at 150 N Riverside Plaza, Chicago, State of Illinois.

17. Defendant, **HYATT ZIVA ROSE HALL** is the owner of the premises whose main office is located at Rose Hall Road, A1, Montego Bay, Jamaica.

11. Defendant, **HYATT HOTELS CORPORATION** is the owner of the premises known as Rose Hall Road, A1, Montego Bay, Jamaica.

18. Defendant, **HYATT ZIVA ROSE HALL** is the owner of the premises known as Rose Hall Road, A1, Montego Bay, Jamaica.

12. At all times hereinafter mentioned, the Defendant, **HYATT HOTELS CORPORATION,** its agents, servants and/or employees, operated the subject premises, specifically Building 3, second floor.

19. At all times hereinafter mentioned, the Defendant, **HYATT ZIVA ROSE HALL,** its agents, servants and/or employees, operated the subject premises, specifically Building 3, second floor.

13. At all times hereinafter mentioned, the Defendant, **HYATT HOTELS CORPORATION,** its agents, servants and/or employees, maintained the subject premises, specifically Building 3, second floor.

20. At all times hereinafter mentioned, the Defendant, **HYATT ZIVA ROSE HALL,** its agents, servants and/or employees, maintained the subject premises, specifically Building 3, second floor.

14. At all times hereinafter mentioned, the Defendant, **HYATT HOTELS CORPORATION,** its agents, servants and/or employees, managed the subject premises, specifically Building 3, second floor.

21. At all times hereinafter mentioned, the Defendant, **HYATT ZIVA ROSE HALL,** its agents, servants and/or employees, managed the subject premises, specifically Building 3, second floor.

15. At all times hereinafter mentioned, the Defendants, **HYATT HOTELS CORPORATION,** its agents., servants and/or employees, controlled the subject premises, specifically Building 3, second floor.

22. At all times hereinafter mentioned, the Defendant, **HYATT ZIVA ROSE HALL,** its agents., servants and/or employees, controlled the subject premises, specifically Building 3,

second floor.

16. That at all times hereinafter mentioned, it was the duty of the Defendant, **HYATT HOTELS CORPORATION,** its agents, servants and/or employees to maintain, inspect, and repair the aforesaid subject premises, specifically Building 3, second floor.

23. That at all times hereinafter mentioned, it was the duty of the Defendant, **HYATT ZIVA ROSE HALL,** its agents, servants and/or employees to maintain, inspect, and repair the aforesaid subject premises, specifically Building 3, second floor.

24. On April 19, 2022, at approximately 3:50 p.m., Plaintiff was caused and allowed to slip and fall and sustain serious personal injuries at the aforesaid subject premises due to a dangerous and hazardous condition existing thereat.

25. Plaintiff's injuries were due directly to the negligence, carelessness, recklessness, reckless disregard and gross negligence of the Defendants, **HYATT HOTELS CORPORATION and HYATT ZIVA ROSE HALL** and their respective agents, servants and/or employees in their ownership, operation, management, maintenance, and control of the subject premises, specifically Building 3, second floor.

26. That, upon information and belief, Defendants **HYATT HOTELS CORPORATION and HYATT ZIVA ROSE HALL** had actual notice of this defective condition in that this Defendants created the condition and were present on a daily basis prior to the underlying accident.

27. The aforesaid serious injuries sustained by the Plaintiff **INA KAPLAN** were caused solely by the negligence of the Defendants in their ownership, operation, maintenance, management and control of the subject premises.

28. By reason of the foregoing, Plaintiff, **INA KAPLAN** has been damaged in an amount which exceeds the jurisdictional limits of all lower courts, which might otherwise have

jurisdiction over this matter.

**WHEREFORE**, Plaintiff **INA KAPLAN,** demands judgment against the Defendants **HYATT HOTELS CORPORATION and HYATT ZIVA ROSE HALL** herein on all causes of action, in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated: Garden City, New York
April 5, 2023

Yours, etc.

_____
JOSEPH G. DELL (JD 7315)
DELL & DEAN, PLLC
*Attorneys for Plaintiff*
*INA KAPLAN*
1225 Franklin Avenue, Suite 450
Garden City, New York 11530
(516) 880-9700

## VERIFICATION

STATE OF New York )
) ss.:
COUNTY OF Nassau )

I, Ina Kaplan being duly sworn, deposes and says:

I am the plaintiff in the within action;

I have read the following Complaint and believe the same to be true to my knowledge; the same is true to my knowledge except as to those matters therein stated to be alleged on information and belief and as to those matters I believe them to be true.

x /s/ Ina Kaplan

Sworn to before me this
5th day of April, 2023

/s/ Donna M. Parent
Notary Public

DONNA M PARENT
NOTARY PUBLIC-STATE OF NEW YORK
No. 01PA5008225
Qualified in Suffolk County
My Commission Expires 02-16-2027