UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

INA KAPLAN,

                                Plaintiff,

                -against-

HYATT HOTELS CORPORATION and HYATT ZIVA
ROSE HALL,

                               Defendants.

-------------------------------------------------------------------X

**Case No.**
**1:23-cv-02598-MLB-ST**

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR DISMISSAL

Dell & Dean, PLLC
By: Antonio Marano, Esq.
Eastern District Attorney ID Number:
AM0356
*Attorneys for the Plaintiff*
1225 Franklin Avenue, Suite 450
Garden City, NY 11530
516-880-9700
tmarano@d2triallaw.com

# **TABLE OF CONTENTS**

Preliminary Statement..................................................................................................5

Summary Of Facts .....................................................................................................7

Plaintiff's Complaint Properly Asserts Personal Jurisdiction Over The Defendants As Both General And Specific Jurisdiction Exists Over The Defendants................................................................7

The Defendant's Motion For Dismissal Pursuant To A Purported "Forum Selection Clause" Should Be Denied ....................................................................................................17

The Defendant's Motion For Dismissal On The Forum Non Conveniens Doctrine Should Be Denied ...................................................................................................................20

Conclusion ..............................................................................................................24

# TABLE OF AUTHORITIES

*Asahi Metal Indus. Co. v. Superior Court of California*, 480 U.S. 102, (1987)...........................15

*Azzia v Royal Caribbean Cruises, Ltd.*, 15-CV-24776-JLK, 2016 WL 11395237,
at *2 [SD Fla Aug. 31, 2016].................................................................................................18

*Brown v Grand Hotel Eden*, 214 F Supp 2d 335, 340 [SDNY 2002]...........................................22

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, (1985)................................................................15

*Darby v Cie. Nationale Air France*, 769 F Supp 1255, 1260-63 [SDNY 1991] ..........................15

*Feinstein v Curtain Bluff Resort*, 96 CIV. 8860 (RPP), [1998].......................................... 21 & 22

*Frummer v. Hilton Hotels Int'l, Inc.*, 19 N.Y.2d 533, (1967).......................................................12

*Gelfand v. Tanner Motor Tours, Ltd.*, 385 F.2d 116 (2d Cir.1967), cert. denied,
390 U.S. 996, 88 S.Ct. 1198, 20 L.Ed.2d 95 (1968).....................................................................13

*H. Heller & Co., Inc. v. Novacor Chem. Ltd.*, 726 F.Supp. 49, 53 (S.D.N.Y.1988)
(citations omitted), aff'd, 875 F.2d 856 (2d Cir.1989)..................................................................11

*International Shoe Co. v. Washington*, 326 U.S. 310, (1945) ......................................................14

*Kopolowitz v. Deepdene Hotel & Tennis Club*, 464 F.Supp. 677 (S.D.N.Y.1979) ......................13

*Laufer v. Ostrow*, 55 N.Y.2d 305, (1982)....................................................................................11

*Miller v. Surf Prop.*, 4 N.Y.2d 475, (1958).................................................................................11

*Milliken v. Meyer*, 311 U.S. 457, (1940) ....................................................................................14

*Oliver Engebretson, Inc. v. Aruba Palm Beach Hotel & Casino*,
587 F.Supp. 844 (S.D.N.Y.1984) ..................................................................................................14

*Palmer v Cora Italian Specialties, Inc.*, 120CV398FJSDJS, 2022 WL 675707,
at *3-4 [NDNY Mar. 7, 2022] ...............................................................................................16

*Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437, (1952) ...........................................15

*Reers v Deutsche Bahn AG*, 320 F Supp 2d 140, 156 [SDNY 2004]...........................................10

*RVDirect.com v. Worldwide RV*, No. 1:10-CV-0701 (LEK/DRH), 2010
WL 5391535 *4, 2010 U.S. Dist. LEXIS 135567 *12 (N.D.N.Y. Dec. 21, 2010).......................16

*Simonson v. International Bank*, 14 N.Y.2d 281, (1964) ............................................................11

*State of Illinois v. Hemi Group*, 622 F.3d 754, [7th Cir 2010] ........................................... 6 & 17

*Sun Tr. Bank v Sun Intl. Hotels, Ltd.*, 184 F Supp 2d 1246, [SD Fla 2001] .................................19

*Terry Mariner v. Hyatt Corp.*, 90 Civ. 464, [1990] .....................................................................15

*World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, (1980) ...........................................15

## PRELIMINARY STATEMENT

As the Court is aware, this action was commenced to recover for serious and grievous personal injuries sustained by the Plaintiff, as a result of a slip and fall accident that occurred on April 19, 2022, while she was vacationing with her husband at the Hyatt Ziva Rose Hall Resort in Montego Bay, Jamaica.

Ms. Kaplan has properly commenced this action in New York against the Defendants. With respect to the Defendants' various allegations as to a lack of personal jurisdiction, specific jurisdiction exists between the Jamaican "Hyatt Branded" entity, as well as the Hyatt Hotels Corporation (herein Hyatt).

It is uncontroverted that Hyatt conducts business in the State of New York. In fact, the Defendant Hyatt owns, operates, and manages over five hundred (500) hotels within the state of New York and the accident directly arises from a hotel stay booked through the Hyatt Under CPLR §302(a)(1).

The direct commercial activity that was taking place is directly related to and connected with the Plaintiff's injury. Furthermore, in relation to the Hyatt Ziva Rose Hall and Hyatt, the Court has previously ruled that in cases of direct contact for the purpose of booking hotel stays, that this type of commercial transaction did give rise to specific jurisdiction. See, *Palmer v. Cora Italian Specialties, Inc.*, No. 120CV398FJSDJS, 2022 WL 675707, at *4 (N.D.N.Y. Mar. 7, 2022) ("In this circuit, 'passive websites,' i.e., those that primarily make information available to viewers but do not allow for the exchange of information, are insufficient to confer personal jurisdiction; 'active websites/ through which a Defendant clearly does business over the internet.

For example, through knowingly and repeatedly transmitting computer files across state lines, the same confers personal jurisdiction. With respect to "interactive websites", i.e. those permitting the exchange of information between viewers and a Defendant, generally allow for the exercise of jurisdiction"); see *State of Illinois v. Hemi Group*, 622 F.3d 754, 758-59 (7th Cir 2010)(holding it is misleading to describe internet sales as "unilateral" on part of customers where seller took significant steps both before and after sales, including creating interactive websites and holding itself open to do business with every state). For the above reasons, Plaintiff respectfully submits that personal jurisdiction exists regarding the named entities included in this action.

Moreover, the Defendants argue that at the time the Plaintiff entered the subject hotel, she signed a "registration form", which allegedly included forum selection language. The Courts in this Circuit have largely rejected these clauses when they are only signed after arriving in the country of the hotel booking, voiding them as against public policy.

As a final point in this regard, Plaintiff is the only individual witness to the accident and is domiciled here, in the United States, more specifically the State of New York. In fact, the Plaintiff's medical treatment has almost exclusively occurred here, in the State of New York and under the realistic and pragmatic course of discovery, the necessity of direct contact with the Jamaican entity is attenuated, if not non-existent.

Considering these factors and the relevant evidence that will be produced during the course of discovery, when public and private factors are considered, the Plaintiff's case is properly venued in the United States District Court for the Eastern District of New York.

## SUMMARY OF FACTS

As a matter of background, on April 19, 2022, the Plaintiff was caused to suffer a traumatic fall while on the premises of Hyatt Ziva Rose Hotel in Jamacia, causing substantial injuries. Importantly, Plaintiff booked her trip directly with the hotel, through the use of a travel agent that was operated by the entity "Power Travel", which arranged the Plaintiff's entire vacation while staying with Hyatt Ziva Rose Hall.

As a matter of posture, the Plaintiff commenced this action on April 5, 2023, with the filing of a Summons and Verified Complaint. On April 19, 2022, at approximately 3:50 P.M. The Plaintiff slipped and/or tripped and fell on a dangerous and hazardous condition existing at the resort branded by the Defendants.

Each element of Plaintiff's negligence cause of action arises from acts, omissions, and injuries which have occurred solely as a result of the negligence of the Defendants in their ownership, operation, maintenance, management and control of the subject premises, branded with the name of the instant Defendants.

## PLAINTIFF'S COMPLAINT PROPERLY ASSERTS PERSONAL JURISDICTION OVER THE DEFENDANTS AS BOTH GENERAL AND SPECIFIC JURISDICTION EXISTS OVER THE DEFENDANTS

At the outset, the Defendant's affidavits of Christina Urbanski as well as Panna Utpaul and Danielle Shereen Archer fail to shift the burden in this regard, to Plaintiff.

Christina Urbanski's affidavit for Hyatt Corporation does not refute or challenge Plaintiff's allegations and theories that Defendants operated together to eventually cause Plaintiff's injury and how the entities working together impact personal jurisdiction.

Christian Urbanski's affidavit for Hyatt Corporation also does not refute or challenge the allegations and facts that specific jurisdiction exists between the Jamaican "Hyatt Branded" entity as well as the Hyatt Hotels corporation (herein Hyatt).

Moreover, Panna Utpaul's affidavit for Playa Hall Jamaican Resort Limited does not refute or challenge Plaintiff's allegations and theories that Defendants operated together to eventually cause Plaintiff's injury and how the entities working together impact personal jurisdiction.

Panna Utpaul's affidavit also fails to refute or discuss how interconnected Playa Hall Jamaican Resort Limited is with Hyatt Ziva; how these entities share in paying for labor; how these entities share property; or how these entities share in profits and liabilities.

Additionally, the affidavit of Danielle Shereen Archer does little more than outline various aspects of Jamaican jurisprudence (presumably to allege adequacy of Jamaican Courts), which fails to establish a lack of jurisdiction over the instant Defendants.

For these reasons, Defendants' motions should be denied, out of hand, for lack of evidence to support a personal jurisdiction dismissal motion.

Additionally, New York State's Long Arm statue, codified in CPLR § 302 outlined Personal jurisdiction by acts of non-domiciliaries:

(a) Acts which are the basis of jurisdiction. As to a cause of action arising from any of the acts enumerated in this section, a Court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:

1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or

2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or

3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he

(i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or

(ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or

4. owns, uses or possesses any real property situated within the state.

None of the affidavits offered by the Defendants address the fact that specific jurisdiction exists between the Jamaican "Hyatt Branded" entity, as well as the Hyatt Hotels corporation. None of the Defendants' offered affidavits controvert the fact that Hyatt undoubtedly conducts business in the State of New York as the Defendants own, operate and manage over five hundred (500) hotels within the State of New York. Moreover, the accident directly arises from a hotel stay booked through the Hyatt Under CPLR §302(a)(1) (outlined above). The direct commercial activity that was taking place is directly related to and connected with the Plaintiff's injury.

Additionally, personal jurisdiction exists over Hyatt Hotels Corporation based on its overwhelming presence in the State of New York. Generally speaking, in determining whether Hyatt is "doing business" in New York, the Courts typically consider factors including whether Hyatt: (1) maintains an office within the state; (2) has solicited business within the state; (3) maintains bank accounts or property within New York and (4) employs individuals in New York.

For obvious reasons, it cannot be contested that the moving Defendants undoubtedly maintain hotels throughout the State of New York and derive a substantial portion of their revenue directly from the operation of these hotels. Not surprisingly, none of the affidavits of the Defendants speak to this obvious issue.

Further, although the Defendants allege that "Hyatt bears no affiliation to 'Hyatt Ziva Rose Hall'"; that "'Hyatt Ziva Rose Hall' is not a legal entity but, rather, merely the trade name for the hotel owner, Playa Hall Jamaican Resort Limited and that "Hyatt does not own, operate, manage, maintain, or franchise the Rose Hall Resort and has no involvement or responsibility for anything that occurs at the Rose Hall Resort", there are open questions as to whether Hyatt Ziva Rose Hall is a "mere department" of Playa Hall Jamaican Resort Limited, which appears to be operating under the Hyatt trade name, which has a presence in New York.

As the Court is aware, the factors Court will consider on the issue of being a "mere department" are: (1) common ownership between the parent and subsidiary; (2) the "financial dependency of the subsidiary on the parent corporation"; (3) "the degree to which the parent corporation interferes in the selection and assignment of the subsidiary's executive personnel and fails to observe corporate formalities"; and (4) "the degree of control over the marketing and operational policies of the subsidiary exercised by the parent." See generally, *Reers v Deutsche Bahn AG*, 320 F Supp 2d 140, 156 [SDNY 2004].

**<u>Decisional Authorities On The Issue Of Application Of CPLR 301 And "Doing Business In New York"</u>**

In interpreting this principle, New York Courts hold that a non-domiciliary may be subject to in personam jurisdiction in New York for any cause of action if the non-domiciliary is "engaged in such a continuous and systematic course of 'doing business' here as to warrant a finding of 'presence' in this jurisdiction." *Simonson v. International Bank*, 14 N.Y.2d 281, 285, 251 N.Y.S.2d 433, 435, 200 N.E.2d 427, 428 (1964).

The "doing business" requirement has been interpreted to mean "not occasionally or casually, but with a fair measure of permanence and continuity," (*Laufer v. Ostrow*, 55 N.Y.2d 305, 310, 449 N.Y.S.2d 456, 458, 434 N.E.2d 692, 694 (1982) (quoting *Tauza v. Susquehanna Coal Co.*, 220 N.Y. 259, 267, 115 N.E. 915, 917)), so as to constitute more than "mere solicitation" of business. *Miller v. Surf Prop*., 4 N.Y.2d 475, 480, 176 N.Y.S.2d 318, 320, 151 N.E.2d 874, 876 (1958).

However, it has been held, "[O]nce solicitation is found in any substantial degree Courts have required very little more to support a conclusion of 'doing business.'" *H. Heller & Co., Inc. v. Novacor Chem. Ltd*., 726 F.Supp. 49, 53 (S.D.N.Y.1988) (citations omitted), aff'd, 875 F.2d 856 (2d Cir.1989).

To this extent, the Court need only examine the "World of Hyatt" web page located at: https://www.hyatt.com/search/Jamaica?rooms=1&adults=1&kids=0&src=adm_sem_crp_chico_crp_ppc_LAC-Jamaica-None-Country-General-ALL_google_Evergreen2022_e_hyatt%20jamaica to see that the very hotel which the Plaintiff sustained injuries at is listed on this website.

Clearly, the Defendants maintain affiliation and direction over the co-Defendant HYATT ZIVA ROSE HALL, as this hotel is listed on the "World of Hyatt" website, which further allows for online bookings at this very hotel.

**There Are Factual Questions As To Whether The Defendants Were Doing Business Through An Agent In New York**

The seminal case discussing whether a foreign corporation may be found to be doing business in New York through its agent is *Frummer v. Hilton Hotels Int'l, Inc*., 19 N.Y.2d 533, 281 N.Y.S.2d 41, 227 N.E.2d 851 (1967). In *Frummer*, the test for determining whether a foreign corporation can be deemed to be doing business in New York through its agent is whether the agent does all the business that the principal could do were it here by its own officials.

In *Frummer*, the Court exercised jurisdiction over *Hilton Hotels, Ltd*. ("Hilton U.K."), a British corporation that operated the Hilton Hotel in London, the site of the accident that was the subject of Plaintiff's personal injury case. Hilton U.K. was owned by Hilton Hotels International, a Delaware corporation doing business in New York, which was in turn owned by Hilton Hotels Corporation, also a Delaware corporation doing business in New York. Hilton Hotels International and Hilton Hotels Corporation jointly owned Hilton Credit Corporation, which provided credit card financing and distribution and a "Hilton Reservation Service" in New York and elsewhere. The New York office of Hilton Credit Corporation did publicity work and helped generate business for the London Hilton. In addition, the New York office accepted and confirmed room reservations at the London Hilton.

*Frummer* concluded that Hilton U.K. was doing business in New York because the Hilton Credit Corporation was doing all the business that Hilton U.K. could have done had it been present in New York. *Frummer*, 281 N.Y.S.2d at 44, 227 N.E.2d at 853.

In fact, based on the *Frummer* principles, in *Gelfand v. Tanner Motor Tours, Ltd.*, 385 F.2d 116 (2d Cir.1967), cert. denied, 390 U.S. 996, 88 S.Ct. 1198, 20 L.Ed.2d 95 (1968), the Second Circuit held, "all-the-business-the-foreign-corporation-could do" test to mean that "a foreign corporation is doing business in New York ... when its New York representative provides services beyond 'mere solicitation' and these services are sufficiently important to the foreign corporation that if it did not have a representative to perform them, the corporation's own officials would undertake to perform substantially similar services." *Id*. at 121.

Importantly, the *Gelfand* Court held that an independent local travel agent who had the power to confirm reservations performed sufficient agency functions for the Defendant bus line to satisfy the "doing business" test under New York law. Indeed, the Plaintiff booked this entire trip through Power Travel, who maintained the power to confirm such hotel reservations.

Indeed, an agent's power to confirm reservations has been a pivotal factor in many cases applying § 301. *Welinsky*, 839 F.2d at 928 (reversing judgment of the district Court dismissing the case for lack of personal jurisdiction over the Defendant, a Netherland Antilles Hotel, where New York agent had the ability to confirm reservations instantaneously); *Kopolowitz v. Deepdene Hotel & Tennis Club*, 464 F.Supp. 677 (S.D.N.Y.1979) (dismissing for lack of jurisdiction) ("If the foreign corporation holds back from its representative the power to confirm reservations it seems that the travel service is not doing all the business which the corporation could itself do.")

Moreover, in *Oliver Engebretson, Inc. v. Aruba Palm Beach Hotel & Casino*, 587 F.Supp. 844 (S.D.N.Y.1984), a case interpreting (Supra), the foreign corporation maintained a contractual arrangement with an independent local travel agent, who had the power to make and confirm reservations for the foreign hotel owned by the foreign corporation.

The foreign corporation did not have nor ever maintained any offices or employees in New York, any real property or assets in New York, nor a New York telephone number. However, *Oliver Engebretson, Inc.* found in personam jurisdiction on the grounds that the presence of any agent in New York with the undisputed authority to bind the foreign principal by confirming reservations was sufficient to warrant a finding that the Defendants were "doing business" in New York. *Id*. at 850. Common ownership was not required between the foreign corporation and the New York agent. See *id*.

**Due Process Considerations: Minimum Contacts**

Due process requires that a district Court seeking to exercise personal jurisdiction over a nonresident Defendant must conclude that the nonresident Defendant has purposefully established "minimum contact" with the forum state such that "the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 342, 85 L.Ed. 278 (1940)).

The U.S. Supreme Court, in determining the existence of minimum contacts under the Due Process Clause has considered the following factors, among others: (1) whether the Defendant "purposely availed" himself of the benefits of the forum state; (2) whether the Defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into Court there; (3) whether the Defendant carries on a "continuous and systematic" part of its general

business within the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473–4, 105 S.Ct. 2174, 2182–3, 85 L.Ed.2d 528 (1985); *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980); *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437, 438, 72 S.Ct. 413, 414, 96 L.Ed. 485 (1952).

Here, the Plaintiff has established that jurisdiction exists, where the allegations establish that the "World of Hyatt" website affirmatively solicited and allowed for the ability for patrons to book directly on the Hyatt website. Moreover, Hyatt enjoyed the use of agents, at the very least, Power Travel (A New York Nassau County travel agent), to book reservations on behalf of Hyatt and the co-Defendants.

As such, the Defendants purposefully availed itself of the benefits of the forum state and that this relationship with the forum state was a long-term relationship governed in which the moving Defendant derived substantial revenue from such arrangement. See also *Terry Mariner v. Hyatt Corp.*, 90 Civ. 464, 1990 WL 192482, 1990 U.S. Dist. LEXIS 16570 (D. Haw.1990) (acts of Defendant, including advertising and operation of world-wide toll-free reservation system, constituted "purposeful availment" sufficient to support finding of specific jurisdiction for due process purposes).

In addition to minimum contact analysis, it is necessary for the Court to determine whether it is fair to subject the Defendants to suit in New York. The burden in this showing is on the Defendant seeking to defeat jurisdiction. *Burger King*, 471 U.S. at 477, 105 S.Ct. at 2184. Pursuant to the factors set for in *Asahi Metal Indus. Co. v. Superior Court of California*, 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987), the exercise of personal jurisdiction over the Defendants would be constitutionally permissible where the Defendants have made no showing that submitting to this Court's jurisdiction would be burdensome, where the New York Plaintiff has an interest in

obtaining relief, and where the forum state has an interest in redressing any tortious activities that are in some way ascribed to the instant Defendants. *Darby v Cie. Nationale Air France*, 769 F Supp 1255, 1260-63 [SDNY 1991].

**The World Of Hyatt Website Is An "Active" Website:**

In *Palmer v Cora Italian Specialties, Inc*., 120CV398FJSDJS, 2022 WL 675707, at *3-4 [NDNY Mar. 7, 2022], the Court held, "A claim 'arises from' a particular transaction 'where there is some articulable nexus between the business transacted and the claim sued upon, or when there is a substantial relationship between the transaction and the claim asserted.'" *RVDirect.com v. Worldwide RV, No*. 1:10-CV-0701 (LEK/DRH), 2010 WL 5391535 *4, 2010 U.S. Dist. LEXIS 135567 *12 (N.D.N.Y. Dec. 21, 2010) (quoting *Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 103 (2d Cir. 2006) (internal citations and quotation marks omitted)). "Courts must look to 'the totality of circumstances concerning the party's interactions with, and activities within, the state' to determine whether that party has 'transacted business' with the state." *Id*. (quoting *Bank Brussels Lambert*, 171 F.3d at 787). "Maintaining a website in a distant state that residents of New York visit does not, by itself, subject a Defendant to jurisdiction under N.Y. C.P.L.R. § 302." *Id*. (citing *Bensusan Rest. Corp. v. King*, 126 F.3d 25 (2d Cir. 1997)). In *RVDirect.com*, the Court explained that, in *Hsin Ten Enter. USA, Inc. v. Clark Enter.*, 138 F. Supp. 2d 449, 456 (S.D.N.Y. 2000), the Court considered the degree to which a website's interactivity impacts the exercise of jurisdiction under § 302(a)(1). It noted that, in this circuit, "passive websites," i.e., those that primarily make information available to viewers but do not allow for the exchange of information, are insufficient to confer personal jurisdiction; "active websites," through which a Defendant clearly does business over the internet, for example, through knowingly and repeatedly transmitting computer files across state lines, do confer personal

jurisdiction; in the middle of this spectrum, "interactive websites," those permitting the exchange of information between viewers and a Defendant, generally allow for the exercise of jurisdiction."

Moreover, in *State of Illinois v. Hemi Group*, 622 F.3d 754, 758–59 (7th Cir 2010), the Court held, that it is misleading to describe internet sales as "unilateral" on part of customers where seller took significant steps both before and after sales, including creating interactive websites and holding itself open to do business with every state).

Thus, given that the "World of Hyatt" website noted above, clearly allows for online bookings to the very hotel which the Plaintiff sustained her injuries. Thus, personal jurisdiction is proper in this case.

## THE DEFENDANT'S MOTION FOR DISMISSAL PURSUANT TO A PURPORTED "FORUM SELECTION CLAUSE" SHOULD BE DENIED

### The Purported Registration Form, Which Allegedly Included Forum Selection Language:

The Courts have largely rejected forum selection clauses, when they are only signed after arriving in the country of the hotel booking, rendering them void as against public policy.

Generally, "A forum-selection clause will be invalidated when: (1) its formation was induced by fraud or overreaching; (2) the Plaintiff would be deprived of its day in Court because of inconvenience or unfairness; (3) the chosen law would deprive the Plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy. *Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1296 (11th Cir. 1998). When the forum-selection clause was not negotiated, the Court determines whether there was fraud or overreaching in its formation by looking to "whether the clause was reasonably communicated to the consumer." *Pappas*, 585 F. App'x at 965 (quoting *Krenkel*, 579 F.3d at 1281). When the parties submit conflicting affidavits, the Court, in the absence of an evidentiary hearing, "is inclined to give greater weight to the

Plaintiff's version of the jurisdictional facts and to construe such facts in the light most favorable to the Plaintiff." *Estate of Myhra v. Royal Caribbean Cruises, Ltd.*, 695 F.3d 1233, 1239 (11th Cir. 2012)." *Azzia v Royal Caribbean Cruises, Ltd*., 15-CV-24776-JLK, 2016 WL 11395237, at *2 [SD Fla Aug. 31, 2016].

      *Azzia* further analyzed the forum selection clause at issue in that case, holding, "In *Krenkel v. Kerzner International Hotels Ltd*., the Eleventh Circuit held that, "[i]n determining whether there was fraud or overreaching in a non-negotiated forum-selection clause, we look to whether the clause was reasonably communicated to the consumer." 579 F.3d at 1281. "A useful two-part test of "reasonable communicativeness" takes into account the clause's physical characteristics and whether the Plaintiffs had the ability to become meaningfully informed of the clause and to reject its terms." *Id*. Here, the Plaintiffs had practically no ability to become meaningfully informed of the clause or to reject its terms. The Azzia family traveled from Italy to Florida for their cruise and elected to check-in at the Port Everglades pier, an option provided to them by one of Royal Caribbean's representatives. At the pier, they were required to sign a "Set-Sail Pass" containing a cruise ticket contract, the terms of which could be found in a cruise brochure applicable for bookings made through the booking office in Genoa, Italy. Neither party has suggested that the relevant brochure was available at the pier. To return to the booking office in Genoa, the Plaintiffs would have had to cross the North Atlantic Ocean and Ligurian Sea. By the time the Plaintiffs had an opportunity to become meaningfully informed of the forum selection clause, they were in their cabin, aboard a vessel bound for departure."

In *Sun Tr. Bank v Sun Intl. Hotels, Ltd.*, 184 F Supp 3d 1246, 1261 [SD Fla 2001], the Court addressed a similar "forum selection clause" offered on a pre-printed hotel registration for as is the case herein. *Sun Tr. Bank* held, "Here, while Atlantis guests may be afforded sufficient opportunity to read the forum selection clause, they have no objectively reasonable opportunity to consider and reject it. It is undisputed that Ms. Humphreys was not told when she made her reservations that she would be required to sign the clause. It is further undisputed that the forum-selection clause was presented to her for the first time upon arrival in the Bahamas, after she had flown there with her two children. Moreover, the manner in which the forum-selection clause is presented to the guest makes it objectively appear to be a required part of the registration process. The guest is told to read and sign, not to read and then decide if they want to sign. This may explain why Defendants are not aware of anyone ever refusing to sign the clause; no reasonable person in Ms. Humphreys' position would think they had such an option."

In fact, *Sun Tr. Bank* further held, "The Court has a significant interest in providing its citizens with a forum in which to resolve their disputes. Defendants also have a legitimate interest in limiting the fora in which they can be sued, given the international character of the Atlantis resort. However, if having a forum-selection clause is so important to them, Defendants should give potential customers fair warning that they are giving up their right to sue in the forum of their choice. See *Stobaugh*, 5 S.W.3d at 236. Here, Defendants have not so much as attempted to provide Atlantis guests with even minimal notice that they would be asked to sign the clause, despite numerous opportunities to do so on its websites and in other promotional materials, at the time the guest makes their reservations, or even by a mailed notice some time before they travel to the Bahamas."

Here, the affidavit of Panna Utpaul confirms the non-comprehensive and non-notice nature of the alleged forum selection clause, where it is alleged, "Upon her check-in at the Rose Hall Resort, Plaintiff signed and executed a guest registration card with a forum selection clause."

This is the extent of the discussion pertaining to the alleged forum selection clause, which the Defendant would have this Court believe vitiates the Plaintiff's ability to commence this action within the Federal Court for the Eastern District of New York.

Just as in *Sun Tr Bank*, *Supra*, it is clear that the Defendants have included this forum selection clause within the confines of a guest registration card, which the Plaintiff was only presented with, once she arrived in Jamaica after traveling from New York to do so.

The Plaintiff was clearly not given any prior notice or warning that upon arrival in Jamaica, she would be required to surrender her rights to commence actions within the Eastern District of New York, based upon a "take it, or leave it" registration card containing the selection clause.

It is therefore readily obvious that the purported forum selection clause, which the Defendant relies on to dismiss this action is precisely the type of forum selection clause, which the Courts routinely disfavor and hold as unenforceable.

### THE DEFENDANT'S MOTION FOR DISMISSAL ON THE FORUM NON CONVENIENS DOCTRINE SHOULD BE DENIED

### The Defendant's Allegations On The Forum Non Conveniens Doctrine:

Finally, as to the Defendant's allegations as to the Forum Non Conveniens doctrine, the Court is reminded that the Plaintiff is the only individual witness to the accident and is domiciled here, in the United States, more specifically, New York.

Additionally, the Plaintiff's medical treatment has almost exclusively occurred in New York and under the realistic and pragmatic course of discovery, the necessity of direct contact with the Jamaican entity is attenuated, if not completely non-existent. Considering these factors and the relevant evidence that will be produced during the course of discovery when public and private factors are considered, the Plaintiff's case is properly venued.

As the Court is aware, "The forum non conveniens doctrine permits a Court to "resist imposition upon its jurisdiction," *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), if dismissal would "'best serve the convenience of the parties and the ends of justice.'" *Murray v. British Broadcasting Corp.,* 906 F.Supp. 858, 861 (S.D.N.Y.1995) (quoting *Koster v. Lumbermens Mut. Cas. Co*., 330 U.S. 518, 527, 67 S.Ct. 828, 91 L.Ed. 1067 (1947)), aff'd, 81 F.3d 287 (1996); *Gilbert,* 330 U.S. at 507. A determination pursuant to the doctrine of forum non conveniens rests in the sound discretion of the district Court. See *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981); *Blanco v. Banco Industrial de Venezuela, S.A.* 997 F.2d 974, 978 (2d Cir.1993). Although a "Plaintiff's choice of forum should rarely be disturbed," *Reyno*, 454 U.S. at 241, it may be if the balance of factors weighs strongly in the Defendant's favor. See *Gilbert*, 330 U.S. at 508. "[T]he balance must be even stronger when the Plaintiff is an American citizen and the alternative forum is a foreign one." *Olympic Corp. v. Societe Generale*, 462 F.2d 376, 378 (2d Cir.1972); see *Nationsbank of Florida v. Banco Exterior de Espana*, 867 F.Supp. 167, 170 (S.D.N.Y.1994)." *Feinstein v Curtain Bluff Resort*, 96 CIV. 8860 (RPP), 1998 WL 458060, at *4 [SDNY Aug. 5, 1998].

The Courts in this Circuit consistently hold, "The availability and convenience of witnesses is highly significant to the forum non conveniens inquiry. See Prapahan Byrne v. Japan Airlines, Inc., No. 83 Civ. 9162(JFK), 1984 WL 1343, at *2 (S.D.N.Y. Dec. 18, 1984)." *Feinstein v Curtain Bluff Resort*, 96 CIV. 8860 (RPP), 1998 WL 458060, at *5 [SDNY Aug. 5, 1998].

Further in *Brown v Grand Hotel Eden*, 214 F Supp 2d 335, 340 [SDNY 2002], the Court held, "There are two steps in analyzing a forum non conveniens motion. *Peregrine Myanmar*, 89 F.3d at 46. First, the Court must determine whether an alternative forum is available and adequate. See *id*.; *Blanco v. Banco Industrial de Venezuela, S.A.,* 997 F.2d 974, 981 (2d Cir.1993). Second, if an adequate forum is available, the Court must then consider the relevant "private" and "public" interest factors and determine whether "the balance of convenience tilts strongly in favor of trial in the foreign forum." *R. Maganlal & Co. v. M.G. Chemical Co*., 942 F.2d 164, 167–68 (2d Cir.1991) (citing *Gulf Oil*, 330 U.S. at 508, 67 S.Ct. 839). As we believe that Switzerland would be an adequate forum in which Plaintiffs could sue Hotel Eden, we turn to an analysis of the private and public interest factors involved. The Second Circuit has clearly set out the standard for balancing these factors in a series of recent opinions, culminating in *Iragorri v. United Technologies*, 274 F.3d 65 (2001). The Circuit has made it clear that the Plaintiff's choice of forum is entitled to a high degree of deference, particularly where the Plaintiff is a citizen of the United States. *Id*., at 71. Contrary to the Defendant's assertions, the deference is not affected by whether the Plaintiff is a citizen of a state other than the forum state, id., at 73. The deference to Plaintiffs' forum choice in this matter is not undermined by any concerns about forum shopping. While some of the factors, such as the locus of the accident and the applicable law, do favor Defendant's choice of Switzerland as the forum, they do not overcome the deference to Plaintiff's selection of this forum. Plaintiffs have persuasively argued that they would face a heavy burden in pursuing this

case in Switzerland, and Hotel Eden has not indicated the identity of a single non-party witness who would be beyond the 100–mile subpoena power of this Court. Fed.R.Civ.P. 45(b)(2). Hotel Eden has failed to meet its burden of proving that the balance of interests tilts strongly in favor of an alternative choice of forum. *Id*., at 74 ("the greater the degree of deference to which the Plaintiff's choice of forum is entitled, the stronger a showing of inconvenience the Defendant must make to prevail"). Therefore, Defendant's motion to dismiss on forum non conveniens grounds is denied."

Here, the evidence on the record before the Court, on this particular motion, does not provide any indication that there are any other witnesses to this accident, other than the Plaintiff herself, who is a resident of the state of New York. Moreover, the Defendant provides an affidavit from Danielle Shereen Archer, which sets forth the various background and powers of Jamaican Courts, which the Defendants believe is the appropriate forum; however, this affidavit does not address the salient interests of the Plaintiff, in having this case litigated within the Eastern District of New York. More specifically, Ms. Archer's affidavit fails to take into account that the Plaintiff was the only witness to this accident and that the medical treatment that the Plaintiff received result of this accident all took place within the confines of the State of New York.

Stated another way, the overwhelming amount of evidence which will be presented at the trial of this action will come from the Plaintiff's testimony, as she is the only witness to this accident, in the confines of the liability portion of trial. Moreover, with respect to the damages portion of the trial of this action, the Plaintiff's numerous medical providers will all be better served, if this action is tried within the Eastern District of New York, as the Plaintiff received all of her medical treatment in the State of New York.

The affidavit of Danielle Shereen Archer instead focuses almost exclusively upon allegations pertaining to procedural and substantive legal requirements and standards within the Jamaican Courts pertaining to personal injury actions. Defendants are therefore alleging that the forum selected by the Plaintiff, is not convenient for the sole purpose of avoiding trial within the Eastern District of New York (a State which Hyatt operates approximately 500 hotels), when it stands to reason that they do not intend on calling many, if any, witnesses in connection with the trial of this action.

For these reasons, the Plaintiff has clearly established that being the sole witness to this accident, coupled with the Plaintiff's exclusive medical care conducted within the State of New York, serves as more than adequate evidence mandating that the Plaintiff's choice of forum remain undisturbed and that this action should not be dismissed on forum non-conveniens grounds.

## CONCLUSION

For the reasons stated hereinabove, the Defendants' motion should be denied in its entirety, together with such other relief as the Court deems appropriate

Dated:
Garden City, NY
July 6, 2023

Dell & Dean, PLLC
Antonio Marano, Esq.
Eastern District Court ID: AM0356
1225 Franklin Avenue, Suite 450
Garden City, NY 11530
516-880-9700
tmarano@d2triallaw.com